Judge Ewing
delivered the Opinion of the Court.
Bell brought an action of slander against Davis, for charging him with perjury, and employed Evans to prosecute the suit, as his attorney, and executed to him his covenant binding himself to pay, for his services, a sum « equal to the one tenth of the amount of damages that might be recovered.”
A plea of justification having been filed, Bell after-wards came into Court, and dismissed his suit. Whereupon, Evans sued out a warrant from a justice, for a fee of thirty dollars, and recovered judgment. Bell appealed to the Circuit Court, and a verdict was found for Evans, for the same sum, subject to the opinion of the Court, upon, points of law submitted by the counsel to the Court. And the Court having determined the law foi Bell, the appellant, a judgment was rendered in his favor, from which Evans has brought the case to this Court.
The covenant is not champertous, from any thing apparent on its face. It does not import an undertaking to give any part or parcel of the thing in suit, or of the damages sought to be recovered. But is an obligation to pay a contingent fee made dependent on a recovery, and to he regulated' in amount, by the amount recovered.
But though not champertous, we cannot well conceive how the plaintiff in error, according to his own showing, could recover on the instrument exhibited. The obligation to pay, as well as the sum to be paid, being dependent on the amount recovered, as nothing has been recovered nothing was payable; and, according to the statement of the plaintiff, had the suit progressed to a final issue, and additional labor been expended by him *480 as counsel, nothing would have been recovered, and of course he, by his contract, would have been entitled to no pay.
And we cannot sanction the doctrine, that Bell, by reason of his contract with his counsel, would be precluded from obeying the divine injunction of {C agreeing with his adversary whilst they were on the way. ”
But if Bell, by a false representation of the facts of his case, induced Evans to undertake his suit as counsel, and to agree to take a fee, to be ascertained by the amount recovered, and Evans, upon such agreement, rendered services in the case; and afterwards, Belf compromised and dismissed the suit, we could not doubt that Evans might treat the contract as a nullity, and recover the value of his services, upon an implied promise to pay for the same..
But it is contended by the counsel for the defendant in error that, as the points of law upon which the Court decided the cause against the plaintiff, are not stated on the record, this Court must presume every thing in favor of the judgment, and should not reverse, unless the points were reserved, and exhibited on the record.
We cannot go so far, in presuming in favor of the judgment. A verdict was found for the plaintiff; it was the duty of the Court to render a judgment thereon for the plaintiff, unless some good ground existed to prevent it. The record states that points of law were brought up in the argument of the case, and upon those points of law, without stating what they were, judgment was rendered for the defendant.
As the record is intended to preserve a history of the case, those points of law should have been stated.— Enough should, at least, be shown to support the judgment, especially when the judgment is rendered against the party for whom the verdict is found.
And so this Court settled in the case of Hann vs. Field, Litt. Sel. Ca., 376, in a state of case very similar to the one under consideration.
Judgment reversed, and cause remanded, that a new trial may be granted, and the plaintiff is entitled to his costs in this Court