Nov. Term,
1859,

SCOBEY
v.
Ross.

---

## SCOBEY *v.* Ross.

An agreement by which an attorney is to receive for his services in recovering a claim, a part of the claim or thing to be recovered, is champertous and void.

| 13 | 117 |
| 128 | 494 |
| 13 | 117 |
| 168 | 669 |

APPEAL from the *Decatur* Court of Common Pleas.

WORDEN, J.—Complaint by the appellant against the appellee, upon the following instrument, viz.:

Tuesday,
November 29.

" *Greensburgh, Indiana, September* 21, 1846.

"I, *Nancy Cole, alias Nancy Ross,* have employed *Charles H. Test* and *J. S. Scobey,* as attorneys to collect a judgment rendered by the judges of the *Decatur* Circuit Court, in chancery sitting, in my favor against *John Ross*, in a suit for divorce, for 500 dollars, and I agree to pay said *Test* and *Scobey* 150 dollars of said judgment for their services, when they shall collect the same.

[Signed]         " *Nancy Ross*,

his

"by *William X Cole.*"
mark.

Demurrer sustained to the complaint, and exception taken.

The only question raised in the case, is, whether the instrument is valid; or void on the ground of champerty.

We have, perhaps, never had, in this state, any statute on the subject of champerty and maintenance; but the common law, and the *English* statutes on that subject, have prevailed here since the year 1818. *Vide* R. S. 1843, p. 1030. Also, 1 R. S. p. 352.

There is some discrepancy between authors, as to the exact definition of champerty. *Blackstone* defines it as follows, viz.: " Champerty, *campi partitio,* a species of maintenance, and punishable in the same manner, being a bargain with a plaintiff or defendant to divide the land or other matter sued for between them, if they prevail at law, whereupon the champertor is to carry on the suit at his own expense." 4 Blacks. Comm. 135. Other authors adopt substantially the same definition. According to this definition, the instrument sued upon is not champertous, there being no agreement on the part of *Test* and *Scobey,* to carry on any suit that might be necessary in the collection of the judgment mentioned, at their own expense. But other elementary writers give a definition not embracing the idea, that to constitute the offense, it is necessary that there should be an agreement to carry on the suit at the expense of the champetor. The remarks of the Court in the case of *Lathrop* v. *The Amhurst Bank,* 9 Met. 489, are appropriate here. " It was suggested," says Dewey, J., "in the argument, that the facts here shown do not bring the case strictly within the definition of champerty, as the plaintiff was *not to conduct the suit wholly at his own expense,* but was, in the event of a failure to sustain the action, to be remunerated for his actual expenses. It is true that some of the elementary books, in defining champerty, say that 'the champertor is to carry on the suit at his own expense;' as 4 Blacks. Comm. 135; Chit. on Cont. (5th Am. ed.) 675. Other books of equal authority omit this part of the definition of champerty; as 1 Hawk., ch. 84, § 1; Coke Lit. 368, *b.*"

In *Stanley* v. *Jones*, 7 Bing. 369, it was said by TINDAL, C. J., that, "The offense of champerty is defined in the old books, to be the unlawful maintenance of a suit, in consideration of some bargain to have a part of the thing in dispute, or some profit out of it. That this was considered in earlier times, and in all countries, an offense pregnant with great mischief to the public, is evident, from the provisions made by our own law, in the statutes of *Westminster*, first and second, and from the language of the civil law, which was afterwards received as the law over the greater part of the continent."

In *Sedgwick* v. *Stanton*, 4 Kern. 289, the above definition is, in substance, adopted from *Hawkins*, with the additional remark that "The gist of the offense, therefore, consists in the mode of compensation, irrespective of the particular manner in which the suit is to be maintained, because all maintenance of a suit by a stranger, was, at common law, unlawful."

The cases hereinafter cited, abundantly establish the proposition that a contract may be champertous and void, although there be no stipulation as to the expenses of the suit.

The contract in question, was one by which *Test* and *Scobey* were to be paid for their services in collecting the judgment (whether by execution, suit in chancery, or otherwise), 150 dollars of the judgment to be collected, and the adjudicated cases establish that such a contract is void.

In note *a*, 4 Kent's Comm., 8th ed., p. 449, it is said that "the ancient *English* statutes under Edw. I., reached attorneys as well as others. They reached equally officers and individuals; *nulle ministre de roi, ne nul autre*, was permitted to take upon him any business in suit in any Court, or to have a part of the thing or plea in demand. Every agreement relating thereto was declared void."

In *Holloway* v. *Lowe*, 9 Porter (Ala. R.), 488, the following agreement was held void as being champertous:

"*William Holloway*, sen. v. *Joel Chandler.*

"In this case of slander, I agree to pay *P. P. Lowe* fifteen dollars for commencing and prosecuting the suit, to-

Nov. Term,
1859.

Scobey
v.
Ross.

gether with one-fourth of the damages; but if the said *Lowe* is non-suited in the action for any informality in the pleadings, he is not to have anything. This 26th of *February*, 1834.

[Signed]        "*William Holloway.*"

This case was decided upon the common law. The Court say: "The reason of the rule of the common law is, that every suit or action should stand on its own merits, and that those who have no interest in the matter or thing in dispute, shall never be permitted to become interested, as thereby law-suits would be greatly multiplied, and much injustice frequently wrought by interposing other than the real parties, who, from their influence in society, or other cause, may be able to produce a result which could not be effected by the real parties. Although this reason may be less forcible now than in former times, it is impossible to say that it is destitute of weight. Times are not so entirely changed, that the aid and active personal interference and interest of one possessing influence, may not produce a very different result, in many suits, from that which the parties to it could do."

In *Evans* v. *Bell*, 6 Dana, 479, *Bell* had brought an action for slander, and had employed *Evans* as his attorney to conduct the suit, and agreed to pay him for his services a sum equal to one-tenth of the amount of damages that might be recovered. This was held valid, but the decision was placed upon the ground that the sum to be paid was not to be out of the damages to be recovered. The Court say: "The covenant is not champertous from anything apparent on its face. It does not import an undertaking to give any part or parcel of the thing in suit, or of the damages sought to be recovered, but is an obligation to pay a contingent fee, made dependent on a recovery, and to be regulated, in amount, by the amount recovered." It is evident that had the agreement been to pay one-tenth of the sum to be recovered, it would have been held champertous and void.

In *Thurston* v. *Percival*, 1 Pick. 415, an attorney was employed to aid in the recovery of a sum of money, for

which he was to receive ten per cent. upon the sum to be recovered. This contract was held void, as being champertous at common law.

So, in *Lathrop* v. *The Amherst Bank, supra,* it was held that an agreement between *A.* and *B.,* that *B.,* shall prosecute and manage *A.'s* suit at law, as *A.'s* agent, and that he shall receive for his services a certain per cent. on the amount that shall be recovered, and that if he does not recover, *A.* shall pay him no more than his actual expenses, amounts to champerty, and is so far illegal and void that *B.,* after obtaining judgment for *A.* cannot maintain an action on the agreement. The Court say:. "The contract upon which the plaintiff seeks to recover was illegal, being in violation of the principles of law in reference to maintenance and champerty. Such agreement for a proportionate share of the fruits of litigation, as a consideration for services rendered in conducting and prosecuting with success, a suit at law, where the party has no interest, legal or equitable, and no claim or expectancy, even remotely contingent, has been deemed contrary to public policy, and proscribed by statutes and the common law. The statutes of 3d and 13th Edw. I., related to officers of the king, but the provisions were further extended and made applicable to other persons by statute 28, Edw. I."

The rule is the same in *New York.* Thus, in *Merritt* v. *Lambert,* 10 Paige, 352, it was held that an attorney, solicitor, or counsel, could not, previous to the determination of the suit, contract with his client for a part of the demand or subject-matter of litigation, as a compensation for his services. This case, by the name of *Wallis* v. *Loubat,* was affirmed in 2 Denio, 607. So, also, in *Satterlee* v. *Frazier,* 2 Sandf. S. C. R. 141, it was held that an agreement, by a party having a demand against an estate, by which he employed an attorney to collect it, and was to pay him one-half of the claim for his services in collecting it, or procuring it to be paid, was champertous and void. In the case last cited, as well as in *Sedgwick* v. *Stanton, supra,* it was said that the code of procedure of *New York* had changed the law in this respect, so that parties could

make such bargains with their attorneys as they pleased. It is unnecessary to inquire whether our code has effected any such change, as the contract in question was made before the code was enacted, as was the case in *Satterlee v. Frazier*. It may be remarked, however, that in *New York*, the *English* statutes on this subject are not now considered in force, while in this state they are continued, unless inconsistent with our own laws. *Vide* R. S. 1852, *supra*.

The foregoing authorities, we think, fully establish the proposition that an agreement by which an attorney is to receive for his services in recovering a claim, a part of the thing or claim to be recovered, is void, and that no action can be maintained thereon.

We will examine the authorities cited on the other side, and see how far they militate against the above doctrine.

In *Key* v. *Vattier*, 1 Ham. 132, it was held that a contract with an attorney, that he shall prosecute suits for the recovery of property, and that no compromise shall be made except he join in it—to receive a part of the property recovered as a compensation—was illegal and void.

In *Weakly* v. *Hall*, 13 Ohio R. 167, *Hall* was indebted to *Weakly* in a claim of many years standing. *Weakly* assigned the claim to one *Bell*, not a lawyer, who agreed to collect it in *Weakly's* name, to employ counsel, advance money, procure bail, &c., and reimburse himself from the proceeds when collected, and receive a part of the avails for his compensation. This contract was held champertous and void.

It is admitted by the appellant that these cases show such a state of facts as amount to champerty. But it is claimed that they differ materially from the case at bar. The principal difference consists, perhaps, in this, that in the one case there was a stipulation that the suit should not be compromised unless the attorney should join in it; and in the other, that *Bell* should advance money, &c.; while in the case at bar there is no such stipulation. The cases, we think, are not in conflict with those cited from other states, although it might, perhaps, be inferred from

the observations of the Court, in each case, that something more was necessary to make a contract champertous than a stipulation for compensation out of the proceeds of the suit.

The case of *Spencer* v. *King*, 5 Ham. 183, is cited, but it does not appear to be in point. No question was raised in the case as to the validity of the contract on the ground of champerty, but had there been, the contract would probably have been held good. It was a contract by which the attorney was to receive a conditional fee, dependent upon success in the suit, but it contained no stipulation for payment out of the avails of the suit. It was much like the case of *Evans* v. *Bell, supra,* from *Kentucky*, except that the amount to be paid did not depend upon the amount to be recovered, the subject to be recovered being real estate.

*Call* v. *Calef*, 13 Met. 362, is also cited, but is not at all in point. The case was this. *Leeds & Co.* claimed to have an interest in the exclusive use of a patent planing machine in the town of *Manchester, New Hampshire*, in which town *Baldwin* and *Stevens* were working the same machine, as *Leeds & Co.* alleged, without right. *Call*, the plaintiff, had an interest in the same patent at *Lowell*. *Leeds & Co.* executed a power of attorney to *Call*, the plaintiff, authorizing him, by suit or otherwise, to restrain *Baldwin* and *Stevens* from using the machine at *Manchester*, and promised him half of what he should recover or receive for his compensation. This contract was held not to be champertous; but the decision is placed entirely upon the ground that the plaintiff had an interest in the patent right which authorized the contract. The Court say: "*Manchester* and *Lowell* were towns near each other; and the unauthorized use of the patent right in one, would diminish the value and profits of the patent in the other. Therefore, the plaintiff had a direct interest, concurrent with that of *Leeds & Co.*, in preventing a violation of the patent right, so that an agreement to act in the name of the patentee, or his assigns, to prevent such violation, and bring suits if necessary for that purpose, in the benefit of

which he would largely, though indirectly, share, was not such an unlawful maintenance or champerty as to render the agreement void."

In the case of *Ramsey* v. *Trent*, 10 B. Mon. 336, it was held that a contract to pay counsel a fee equal to one-fourth of the value of the land that might be recovered, less the costs of the suit, and to wait until the land should be sold, was not champertous. This was placed upon the ground that the agreement was not to give "part or profit out of the thing in contest." "The reference to one-fourth of the value of the land is only for the purpose of measuring or ascertaining the fee." It is not perceived that this case is substantially in conflict with those hereinbefore cited.

*Byrd* v. *Odem*, 9 Ala. R. 755, is the only remaining case cited by the appellant, and it is relied upon by both parties. In this case, the complainant was the proprietor of a note, but being unwilling to put the same in suit, requested the defendant to sue thereon in his own name, and in consideration thereof agreed to allow the defendant one-half of the sum he might be able to collect thereon. This contract was held champertous and void. Nothing is perceived in this, either in the point decided, or the remarks of the Court, that tends to sustain the validity of the contract in the case at bar.

The demurrer to the complaint, we think, was correctly sustained, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey*, in person.

*J. Gavin* and *O. B. Hord*, for the appellee.