West *v.* Raymond et al.

*R. P. Davidson,* for the appellant.

---

## WEST *v.* RAYMOND *et al.*

ATTORNEY—CONTRACT.—The purchase by an attorney from his client, pending litigation, of the subject matter of the litigation, is absolutely void.

CHAMPERTY.—The purchase of land, pending a suit concerning it, is champerty, and the purchase is void, if made with a knowledge of the suit, and not in consummation of a previous bargain.

APPEAL from the *Delaware* Circuit Court.

WORDEN, J.—*Andrew J. Shepherd* brought this action against *Raymond* and others, to recover possession of certain real estate, and to quiet his title thereto. The attorney by whom the action was commenced and conducted for *Shepherd* was *William R. West,* the present appellant. After the defendants had appeared and answered, &c., and while the cause was pending, *Shepherd* executed a conveyance of the property in controversy to *West,* and the latter caused himself to be substituted as plaintiff in the action instead of *Shepherd.* *West* had no interest in the property until his purchase from *Shepherd.* *West* gave *Shepherd* for the property 310 dollars in cash, gave him up a written contract for 150 dol-

West *v.* Raymond et al.

lars for his fee in the cause, and was to pay back taxes from 15 to 35 dollars. The cause then progressed to final judgment in the name of *West* as plaintiff. There was a trial, verdict and judgment for the defendants.

*West* appeals and assigns numerous errors. Had the cause progressed to termination in the name of *Shepherd* it would have been necessary to examine the errors assigned, but as, from the view we take of the law as applied to the case, *West* could not have recovered in any event, such examination would be useless. The judgment below was right, inasmuch as *West*, on his own showing, had no valid title.

The purchase by *West* of the property in controversy, while it was in litigation, he being the attorney of *Shepherd* conducting the suit, we think was void, and no title passed by the conveyance. Says Chancellor *Kent:* "It is the settled doctrine in *England* and in *New York*, and probably in most of the other States, that the purchase of land pending a suit concerning it, is champerty; and the purchase is void, if made with a knowledge of the suit, and not in consummation of a previous bargain. The statutes of Westm., 1 c. 25; Westm. 2 c. 49, and particularly the statute of 28 *Edw. 1 c. 11*, established that doctrine, which became incorporated into the common law." 4 Kent's Com., 10th ed., p. 530. This doctrine was acted upon to the fullest extent in the case of *Jackson* v. *Ketchum*, 8 John. 479. We have adopted the English statutes above mentioned. *Scobey* v. *Ross*, 13 Ind. 117. If the doctrine above stated be correct to the full extent stated, the sale and conveyance to *West*, pending the litigation, would have been void, even if he had not been the attorney of *Shepherd*. But it is not necessary that we should, nor do we in the present case, decide that a sale to any person of property pending litigation concerning it, would be void. We place the case upon the ground that the sale was made to the attorney of *Shepherd* pending the litigation. We take it to be

settled in this State that a contract between an attorney and client, by which the attorney is to have all or a part of the subject matter of the litigation, is void. *Scobey* v. *Ross, supra.* The only doubt we have had on the point is, whether such contract should be held void only as between the parties, and good as to third persons, or absolutely void. We conclude, however, that such contract is absolutely void. The case of *Simpson* v. *Lamb,* 40 Eng. Law & Eq. Rep., p. 59, is in point here. There the plaintiff had recovered a verdict against the defendant for 50 £. damages. After verdict and before the judgment the attorney of the plaintiff purchased the plaintiff's interest in the verdict, giving him therefor the full amount of the verdict. Judgment was afterwards rendered on the verdict. Subsequently the defendant recovered a judgment against the plaintiff, in another action; and it was sought to set one judgment off against the other. The attorney having purchased the verdict as above stated, resisted the set off, claiming the judgment thereon as his own. Lord *Campbell,* C. J., during the argument of the cause, made the following observation: "This is not a controversy between the client and the attorney, nor does the client complain of the purchase by the attorney, and as between third parties, I should be strongly inclined to think such a purchase might be valid." But after advising, the Court held the purchase void, and set off one judgment against the other, notwithstanding that the controversy was not between attorney and client, and that the client did not complain of the purchase. We quote the following passage from the opinion of the Court as pronounced by Lord *Campbell:* "Independently of the statutes referred to in the arguments, restraining the purchase of property in suits, particularly by persons concerned in the administration of justice. Statute of Westminster, 1 c 25; Statute of Westminster, 2 c 49, and 23 Edw. 1 c 11, commented upon in 2 Inst. 483; it has been held in several cases,

that no attorney can be permitted to purchase any thing in litigation, of which litigation he has the management; *Hall* v. *Hallett*, 1 Cox 134, and *Wood* v. *Downes*, and the authorities therein cited; and considering the situations in which the attorney and client stand to each other, it would seem, as was said in *Hall* v. *Hallett*, to be against the policy of the law to permit such a dealing by an attorney with the subject of a suit of which he has the conduct as the attorney, whilst the case is still undetermined by judgment, as that which is now in question before us, whatever might have been the case had the purchase been made by a stranger." The above case may be found reported in 90 E. C. L. R. 84.

*West* rightly failed to recover, because he had no title, whatever might have been the state of the case as between *Shepherd* and the defendant.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Thomas A. Hendricks* and *Oscar B. Hord*, for the appellant.

*D. S. Gooding* and *Walter March*, for the appellees.[1]

(1) The counsel for the appellees argue:

The sale and conveyance of land by a client to his attorney, pending litigation concerning it, are void, both for champerty and because they are against public policy. *Scobey* v. *Ross*, 13 Ind. 117; *Jackson* v. *Ketcham*, 8 Johns. 479; 10 Paige 362; 2 Denio 107; 1 G. & H. 415; 1 Cox 134, (Eng. Eq. R.); 40 Eng. L. & E. R. 559; 90 Eng. C. L. R. 84; 18 Vesey 120; 4 Kent's Com., 10 ed. 430 and notes; 1 Hoff. Ch. R. 421.

Sales and conveyances of real estate, made pending the adverse possession thereof, are void. 4 Ind. 164; 14 *id.* 163; 2 *id.* 577; *id.* 405; 1 *id.* 581; *id.* 481; 8 Blackf. 366: 1 *id.* 127.