## John McDowell *et al.*

### *v.*

### John Milroy.

1. RECOUPMENT—*damages for breach of warranty in suit on note given for purchase money.* In a suit upon a promissory note, given for the purchase money of land conveyed to the maker of the note, by warranty deed, containing a covenant against incumbrances, the defendant may recoup the sum actually paid by him, or his attorney for him, to discharge a prior mortgage on the land, but he can not recoup to the full face of the mortgage debt, when he has procured its assignment for a less sum.

2. ATTORNEY AT LAW—*when client may claim purchase made by his attorney.* Where the relation of client and attorney actually exists, and the attorney, at the instance of his client, purchases a note, which is secured by mortgage on the land of the client, at a considerable discount, the latter will be entitled to the benefit of the purchase, although the attorney may have bought for himself.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by John Milroy against John McDowell and Peter Gordon, upon a promissory note. The opinion states the facts.

Mr. C. K. HARVEY, for the appellants.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

We are unable to perceive any error in this record that could, in any possible view of the case, be a ground for a reversal of the judgment.

The action is upon a promissory note. The defense sought to be interposed is, the note was given in part for the purchase money of a tract of land conveyed by appellee to appellant McDowell, by warranty deed, containing full covenants, among others one against encumbrances. The other appellant was simply a surety on the note.

It is alleged the grantor of appellee, prior to the sale to him, had encumbered the land by mortgage, to secure certain indebtedness to Hiram A. Fitts, which was evidenced by the promissory note of Lowe, the mortgagor, bearing even date with the mortgage, being for the sum of $365.60, with ten per cent interest per annum, and payable in twelve months from the 30th day of October, 1858.

Appellants seek to have the amount of this note recouped from the sum due appellee, for the purchase money of the land conveyed to him. The circuit court allowed the defense, to the extent of $100, and that decision is claimed to be erroneous, on the ground it was less than the amount of the note and interest secured by the mortgage, which is alleged to constitute the encumbrance.

It is not deemed necessary to consider whether the indebtedness secured by the mortgage was, in fact, an encumbrance on the land sold to McDowell, as appellee has assigned no

cross-error, and that question could only become material so far as it might affect his interests.

The evidence fails to show that McDowell ever paid any portion of the indebtedness secured by the Lowe mortgage. It was incumbent on him to make this proof. The note itself was offered in evidence ; but there is not a particle of proof in the record that even tends to show he owned it, or ever had it in his possession. It was produced on the trial by his attorney, who was a witness in the cause. He testified that he had previously had the note in his possession for collection, but considered it "desperate," and for that reason had instituted no legal proceedings to make the money. He thought it could not be collected. The witness further states, that in the winter of 1871 McDowell found out there were such a note and mortgage, and spoke to him about it, and wanted to get them up. Witness afterwards wrote to the person who had the note, and purchased it for $100. He says he bought it for himself. and does not even intimate he ever parted with the ownership to McDowell, or anyone else. It does not appear he ever assigned or delivered it to McDowell, or that McDowell paid him anything for it.

The only ground upon which the court could have allowed anything as a set-off to appellee's claim is, that appellants' attorney having purchased the note at their request or suggestion, the client was entitled to the benefit of the bargain. If this is the true theory of the case, then the court was correct in allowing the sum of $100 to be recouped from the amount due appellee, being the amount actually paid to discharge the indebtedness secured by the mortgage. Although the witness may have purchased the note for himself, yet if the relation of client and attorney existed, and he made the purchase at the instance of his client, the principal would be entitled to the fruits of the transaction. All that appellee could, in any event, be permitted to recoup, would be the sum he actually paid to discharge the encumbrance on the land conveyed to him. To that extent, and no farther, was he damnified. We

do not say that the court found correctly, from the evidence, but the error, if there was any, was in favor of appellants, and they can not be heard to complain.

For the reasons indicated, the judgment must be affirmed.

*Judgment affirmed.*