## QUIGLEY *v*. THOMPSON.

MAINTENANCE.—*Contract.*—By a contract between A. and B., the former agreed to pay the latter, or order, or bearer, a certain sum " as soon as a certain case or dispute " should be decided between A. and C., wherein C. claimed damages of A., if B. should manage said case, " as he has done," and a suit should be commenced, and B. should, by himself and counsel, defend said cause, all at his own expense, and A. should have

no damages to pay; said sum to be paid when said claim should be settled by law or otherwise, in favor of A., and nothing to be paid if A. should have any damages to pay. Suit on said contract against A. by B.'s assignee, the complaint alleging the execution and assignment thereof; that, at the time of its execution, B. was acting as the agent of A.; that B. had faithfully performed his part of the contract; that said suit and dispute mentioned therein had been settled and determined in A.'s favor; that B., by himself and attorney, had managed and defended said cause at B.'s expense; that A. did not have any damages or costs to pay, etc.

*Held*, on demurrer to the complaint, that the contract was void for maintenance.

From the Lawrence Circuit Court.

*F. Wilson*, *M. F. Dunn*, *P. A. Parkes* and *N. Crooke*, for appellant.

*G. Putnam* and *G. W. Friedley*, for appellee.

BUSKIRK, J.—The first question presented by the record is, whether the court erred in overruling the demurrer to the complaint. The complaint and the instrument upon which the action is founded, with the indorsement thereon, are as follows:

"Robert D. Thompson } Lawrence Circuit Court, Septem-
   *v.*     }   ber Term, 1874.
 "Thomas Quigley. }

"Robert D. Thompson complains of Thomas Quigley, and says that on the 8th day of October, 1870, the defendant, by his instrument in writing, filed herewith, promised to pay Jamison Lee two hundred dollars; that said Lee assigned said written obligation to plaintiff, for a valuable consideration; and plaintiff avers that said Lee, who had been acting as the agent and was then acting as the agent of the defendant, faithfully performed all his part of said contract, to the entire satisfaction of the defendant; and plaintiff further avers, that said 'suit' and 'dispute' mentioned in said contract, between defendant and Samuel Foster, has been settled and determined in favor of the defendant; that Lee, by himself and attorney, did 'manage' and 'defend' said cause at his own expense, and without cost or damage

to the defendant; and that defendant did not have any damage or costs to pay on account of said suit; wherefore, plaintiff says that said two hundred dollars is now due and wholly unpaid; that defendant has been often requested to pay the same by the plaintiff, but has heretofore refused and still refuses to pay the same, or any part thereof; and plaintiff demands judgment for three hundred dollars, and other proper relief.

"JAMISON LEE, Attorney for Plaintiff."

Copy of Contract filed with complaint:

"State of Indiana, Lawrence county, October 8th, 1870. I have contracted and do agree with Jamison Lee on this day, to pay to said Lee, or order, or bearer, the sum of two hundred dollars, to be paid so soon as a certain case or dispute is decided between myself and Samuel Foster, where said Foster claims damages of said Quigley. Now, if said Lee manages said cause as he has done, and there is a suit commenced, and said Lee, by himself and counsel, defends said cause, all at Lee's own expense, and I do not have any damages to pay, and when said claim is settled by law, or otherwise, in my favor, then I am to pay two hundred dollars, as above; and if I have any damages to pay, then I am not to pay Lee anything, and he is to give the contract up to me.          THOMAS QUIGLEY."

Indorsement: "March, 1871. I assign the within contract to Robert D. Thompson.          JAMISON LEE."

It is contended by counsel for appellant, that the contract upon which this action is founded is void, by reason of maintenance.

We have never had, in this State, any statute on the subject of champerty and maintenance; but the common law and the English statutes on that subject have prevailed here since the year 1818. *Scobey* v. *Ross*, 13 Ind. 117.

The following definition is given by Blackstone:

"Maintenance is an offence that bears a near relation to the former" (barratry); "being an officious intermeddling

in a suit that no way belongs to one, by maintaining or assisting either party with money or otherwise, to prosecute or defend it; a practice that was greatly encouraged by the first introduction of uses. This is an offence against public justice, as it keeps alive strife and contention, and perverts the remedial process of the law into an engine of oppression. And, therefore, by the Roman law, it was a species of the *crimen falsi* to enter into any confederacy, or do any act to support another's lawsuit, by money, witnesses, or patronage. A man may, however, maintain the suit of his near kinsman, servant, or poor neighbor, out of charity and compassion, with impunity." 4 Bl. Com. 134.

" The distinction between maintenance and champerty seems to be this: Where there is no agreement to divide the thing in suit, the party intermeddling is guilty of maintenance only; but, where he stipulates to receive part of the thing in suit, he is guilty of champerty." Note, p. 134, b. 4, Cooley's Bl. Com.; *Bell* v. *Smith*, 7 D. & R. 846; S. C. in 5 B. & C. 188; *Scobey* v. *Ross, supra.*

" But there are many acts in the nature of maintenance which become justifiable from the circumstances under which they are done. They may be justified, first, because the party has an interest in the thing in variance; as when he has a bare contingency in the lands in question, which possibly may now come *in esse* (Bacon, Abr. Maintenance); * * * second, because the party is of kindred or affinity, as father, son, or heir apparent, or husband or wife; * * * third, because the relation of landlord and tenant, or master and servant subsists between the party to the suit and the person who assists him; fourth, because the money is given out of charity, 1 Bail. So. C. 401; fifth, because the person assisting the party to the suit is an attorney or counsellor; the assistance to be rendered must, however, be strictly professional, for a lawyer is not more justified in giving his client money than another man. 1 Russell, Crimes, 179; Bacon, Abr. Maintenance; Broke, Abr. Maintenance. This offence is punishable criminally by fine and imprisonment.

4 Blackstone Comm. 124; 2 Swift Dig. 328. \* \* \* See 3 Hawks, No. C. 86; 1 Me. 292; 11 Mass. 553; 6 Mass. 421; 5 Pick. Mass. 359; 5 T. B. Monr. Ky. 413; 6 Cow. 431; 4 Wend. 306; 14 Johns. 124; 3 Cow. N. Y. 647; 3 Johns. Ch. N. Y. 518; 7 D. & R. 846; 5 B. & C. 188." 2 Bouv. Law Dict. 90.

The contract sued upon very clearly comes within the above definition of maintenance, and does not come within any of the exceptions stated. We think the court erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.