| 79 | 193 |
|-----|-----|
| 132 | 405 |

No. 8488.

## STOTSENBURG, ADM'R, v. MARKS ET AL., EX'RS.

CHAMPERTY.—*Maintenance.*—The distinction between maintenance and champerty is, where there is no agreement to divide the thing in suit, the party intermeddling is guilty of maintenance only; but where he stipulates to receive a part of the thing in suit, he is guilty of champerty.

SAME.—*Contract.*—A contract, whereby "for value received" L. conveyed and transferred to D. all his estate in Ireland, to wit, the estate of his deceased wife, in trust that D. pay just and legal expenses incurred or to be incurred in the recovery of the estate or any part of it, pay to L. the half of the residue and appropriate to his own use the other half, is not on its face void for champerty or maintenance.

From the Washington Circuit Court.

*H. Heffren, S. B. Voyles* and *J. A. Zaring,* for appellant.
*D. M. Alspaugh* and *J. C. Lawler,* for appellees.

WOODS, J.—Complaint upon a written instrument, which

the circuit court held to be champertous and therefore void. The following is a copy of the instrument:

"For value received I hereby give, bargain, sell, convey, assign and set over to C. L. Dunham, all the estate I may be entitled to have and receive of and from the estate of my deceased wife, Sarah Louden, deceased, formerly of Crindle, county Londonderry, Ireland, or by right of my having been the husband of said Sarah, whether the same consists in lands, tenements, hereditaments, goods, wares, moneys, or choses in action, and I hereby obligate myself, if this is not a sufficient conveyance thereof, on request of said Dunham to execute such conveyance or conveyances as may be necessary to assure to him said estate as fully as I may or can do; in trust, however, that he is first to pay all just and legal expenses that have been or may be incurred in the recovery of said estate or any part thereof, out of said estate or the proceeds thereof; secondly, he is to pay me the one equal half of the residue thereof after paying such expenses; thirdly, he is to appropriate to his own use the other half of said residue.

"In witness whereof I have hereunto set my hand and seal this 20th day of August, A. D. 1848.

"ROBERT LOUDEN." [L. S.]

"In presence of, etc., J. L. MENAUGH."

It is averred in the complaint that at the time of making this agreement, or transfer, Robert Louden resided in Washington county, Indiana, and had become invested by inheritance from his deceased wife, Sarah, with the title and right to a large estate in Londonderry, Ireland, consisting of lands, money, goods and other property, of the value of six thousand dollars; that, in the year 1858, said Robert died testate in Washington county, Indiana; that, in the year 1875, the said estate of Sarah Louden, having been reduced to cash, was transferred to the United States and brought to Indiana, the aggregate thereof, after paying all just and legal expenses incurred in recovering the same, amounting to $3,544.44, no part of which has ever been paid or delivered to said Dun-

ham or to any one for him or for his estate; that, in the year 1877, Matthew Marks, the defendant's testator, as a pretended devisee and legatee of Robert Loudén, came in possession of and unlawfully retains the one-third of said sum of $3,544.44, to wit: $1,181.48, having obtained possession thereof without the knowledge of Dunham, and with the knowledge on his part that said conveyance had been made, and that by virtue thereof Dunham was claiming the money; that, in 1878, Dunham died intestate, the plaintiff was appointed and qualified as administrator of his estate, and made demand upon the defendants as executors of the last will of Matthew Marks for said sum.

To this complaint the court sustained a demurrer, and, the plaintiff not amending, gave judgment for the defendant.

In *Scobey* v. *Ross*, 13 Ind. 117, in which the definitions of champerty, given by Blackstone, Kent and others, are considered, and a number of cases on the subject reviewed, it was held that the common law and English statutes on the subject were in force here, and consequently that a contract, made in 1846, by which an attorney was to receive for his services in recovering a claim, a part of the claim or thing to be recovered, was champertous and void.

In *West* v. *Raymond*, 21 Ind. 305, decided at the November term, 1863, it was held that the purchase by an attorney from his client, pending the litigation, of the subject-matter of the litigation, is void; but the court expressly declined to "decide that a sale to any person of property pending litigation concerning it, would be void."

In *Lafferty* v. *Jelley*, 22 Ind. 471, the attorney contracted for a share of the property or estate concerning which he was employed, and the court held the agreement to be champertous, because litigation was contemplated for the recovery of the subject-matter of the contract.

The contract in *Quigley* v. *Thompson*, 53 Ind. 317, stipulated for the prosecution of a suit by a stranger at his own expense and constituted a clear case of illegal maintenance.

It is also a recognized rule in this State, that "A conveyance of land, though by the rightful owner, while it is in the adverse possession of another claiming to be the owner thereof, is absolutely void as to the party in possession and his privies." *Steeple* v. *Downing*, 60 Ind. 478; *The German Mut. Ins. Co., etc.*, v. *Grim*, 32 Ind. 249.

"The distinction between maintenance and champerty seems to be this: Where there is no agreement to divide the thing in suit, the party intermeddling is guilty of maintenance only; but, where he stipulates to receive part of the thing in suit, he is guilty of champerty." 4 Cooley Bl. Com., p. 134, note. "A man may, however, maintain the suit of his near kinsman, servant, or poor neighbor, out of charity and compassion, with impunity." 4 Bl. Com. 134.

It seems that the common law rule and the English statutes, under Edward I., applied to officers, attorneys and individuals alike. No one "was permitted to take upon him any business in suit in any court, or to have a part of the thing or plea in demand. Every agreement relating thereto was declared void. 4 Kent Com., 8th ed., p. 449, note *a*." *Scobey* v. *Ross, supra*. The assignment of choses in action even was unlawful, because an act of maintenance. According to Coke, "nothing in action, entrie or re-entrie, can be granted over; for so under colour thereof pretended titles might be granted to great men, whereby right might be trodden down, and the weak oppressed." Coke Litt. 214 a. And in *Masters* v. *Miller*, 4 T. R. 320, BULLER, J., says: "It is laid down in our old books that for avoiding maintenance a chose in action can not be assigned," but adds: "The good sense of that rule seems to me to be very questionable; and in early as well as modern times it has been so explained away, that it remains at most only an objection to the form of the action in any case."

In New York, it seems to be held, by reason of the adoption of the code and of some special enactments on the subject, "that not a vestige of the law of maintenance, includ-

ing that of champerty, now remains * * except what is contained in the Revised Statutes." *Sedgwick* v. *Stanton,* 14 N. Y. 289; *Coughlin* v. *The N. Y. C., etc., R. R. Co.,* 71 N. Y. 443. See, also, note to *Orr* v. *Tanner,* 17 Am. Law Reg. (N. S.) 759; S. C. 12 R. I. 94.

The rule as defined by Coke, *supra,* never has prevailed in this State; and how far the subject may be affected by the Code, and the legislation of the State since 1852, it is not necessary now to consider.

Returning to the contract and complaint before us, we are of the opinion that it can not be said upon the facts stated, and from the face of the instrument itself, that the contract is champertous, or void for maintenance. It does not appear that Dunham was an attorney, contracting as such for a share in the subject-matter of a litigation which he was conducting, or agreeing to prosecute. Indeed, it does not appear that litigation was pending or anticipated. It is true that a part of the trust declared is, that Dunham is to pay out of the estate or its proceeds the "expenses that have been or may be incurred in the recovery of said estate or any part thereof," and it is insisted that the word *recover* has a technical sense, meaning, according to Bouvier, " the restoration of a former right by the solemn judgment of a court of justice." But it is not clear, nor even probable—from the facts stated in the complaint, that that is the sense in which the word was used in this contract. It does not appear that Louden's right was disputed, or that there was any obstacle to recovering or obtaining the estate other than the difficulties of communication between Indiana and Ireland, and the necessity of taking the requisite and ordinary steps for the settlement and transfer of an estate, about which no litigation was anticipated, from the one of these countries to the other.

The judgment is reversed, with costs, and with instructions to overrule the demurrer to the complaint.