W. E. CUNNINGHAM, *et al.,* v. S. F. JONES.

ATTORNEY AND CLIENT — *Void Purchase of Land in Dispute.* Public policy demands that there should be no temptation on the part of anyone occupying the important relation of an attorney to make private gain out of the subject-matter of his professional employment; and therefore the purchase by an attorney at a tax sale of land in litigation in opposition to the title of his client, is inconsistent with his relation to his client, and void.

*Error from Chase District Court.*

THE opinion states the case. Judgment for defendant *Jones,* at the December Term, 1885. The plaintiffs bring the case here.

*Cunningham & McCarty,* plaintiffs in error, for themselves.

*A. M. Mackey,* and *Madden Bros.,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in ejectment, brought by the plaintiffs. Trial by the court, without a jury. A general finding for defendant was entered, and judgment rendered thereon. Plaintiffs excepted, and bring the case here. The facts are these: On May 3, 1877, one Charles Ahrendt was the owner of the land in controversy. On that day he conveyed to Caroline Schutt, who took possession, and placed her deed on record. On June 21, 1877, J. G. Farlin, a creditor

of Ahrendt, attached the land as his property. Judgment was rendered against Ahrendt, and Farlin purchased the land at sheriff's sale. H. S. Sook obtained title to the land by virtue of a deed from Caroline Schutt. Subsequently, Farlin brought his action in ejectment against Sook, claiming that the conveyance from Ahrendt to Caroline Schutt of May 3, 1877, was void as against his creditors. In that action it was held that H. S. Sook's title was perfect, and that the attachment proceedings of Farlin against Ahrendt did not avoid or affect his title. (*Farlin v. Sook,* 30 Kas. 401.) The action of ejectment of Farlin *v.* Sook was brought August 15, 1880, and judgment was rendered December 23, 1882. During all the litigation between Farlin and Sook, the plaintiffs in this action were practicing attorneys at law, and were also the attorneys of Farlin. On September 2, 1879, while Farlin and Sook claimed to own the land in controversy, it was sold for delinquent taxes, and bought in by the county. On May 26, 1881, during the pendency of the litigation between Farlin and Sook, and while the plaintiffs were the attorneys of Farlin in that litigation, tax certificates of the land in controversy were assigned to W. E. Cunningham, one of the plaintiffs, who subsequently assigned an undivided one-half thereof to W. T. McCarty, the other plaintiff. On these certificates, a tax deed was issued September 13, 1882. The plaintiffs derive their alleged title from the tax deed.

The learned trial court rendered a judgment in favor of the defendant, upon the theory that plaintiff's tax deed was void, because they were the attorneys for Farlin during all the time he was seeking to obtain title to and possession of the land embraced in the tax certificates and tax deed. In this view we fully concur. The purchase by an attorney of an interest in the thing in controversy in opposition to the title of his client during litigation concerning the same, is forbidden, because it places him under temptation to be unfaithful to his trust. (Weeks on Attorneys, §§ 274–277; *Wright v. Walker,* 30 Ark. 44; *Wade v. Pettibone,* 11 Ohio, 59; *Zeigler v. Hughes,* 55 Ill.

*Attorney and client — void purchase of land in dispute.*

288; *West v. Raymond*, 21 Ind. 305; *Simpson v. Lamb*, 7 Ellis and Bl. 90.)

Plaintiffs concede this general doctrine, but contend that their purchase under the tax proceedings is not absolutely void, but voidable only at the election of their client; that as their client is not complaining of their conduct, no one else ought to be heard to object.   It is undoubtedly true that the purchase of the plaintiffs might have inured to the benefit of their client if he had made a claim therefor; but does his failure to demand the benefits of their purchase condone the offense and render their title, so acquired, valid?   We think not.   An attorney, while acting for his client, is bound to the most scrupulous good faith.   While the relation of an attorney and client continues, the courts will carefully and zealously scrutinize the dealings between them, and guard the client's rights against every attempt by the attorney to secure an advantage to himself at the expense of the client.   (*Haverty v. Haverty*, 35 Kas. 438.)

After the purchase by the plaintiffs of their title under the tax proceedings, their interest was antagonistic to that of their client.   Therefore the purchase by them was such, we think, "as might have betrayed their judgment, and endangered their professional fidelity."   It is contrary to the policy of the law, and also contrary to the principles of equity, to permit an attorney at law to occupy at the same time and in the same transaction the antagonistic and wholly incompatible position as adviser of his client concerning a pending litigation threatening the title to his property, and that of purchaser of such property, in opposition to the title of his client.   Some of the courts have gone so far as to hold that where an attorney purchases from his client the subject of litigation, he must, before doing so, divest himself of the character of attorney, so that his former client may deal with him as a stranger.   (*Rogers v. Marshall*, 3 McCr. 76–95.)   Public policy seems to demand that there should be no temptation on the part of anyone occupying the important relation of an attorney, to make private gain out of the subject-matter of

his professional employment, and therefore we think that the purchase by plaintiffs of the premises in dispute pending litigation, was as to them wholly void.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.