Filed June 13, 1891.

————————◆————————

No. 14,599.

HUGHES, ADMINISTRATOR, v. WILLSON.

ATTORNEY AND CLIENT.—*Profit Made by Attorney.—Must Account to Client.* —Where an attorney was employed to enforce and collect a judgment and decree against specific lands, and proceeded so far in his employment as to procure a sale of the land, and had his client, under his advice, purchase it for the benefit of the estate represented by him, and thereafter, while he was yet such attorney, he purchased an outstanding title, under an express agreement that he would hold it in trust for the estate represented by his client, and subsequently sold the land at a great advance, he must be held as a trustee for his client. He must account for all the profits made in the transaction after deducting the amount he was to pay for the title and his reasonable attorney's fees.

From the Ripley Circuit Court.

*J. G..Berkshire* and *J. B. Rebuck,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

COFFEY, J.—The facts in this case as alleged in the complaint are, substantially, as follows:

On the 7th day of December, 1865, Alexander Jenkins executed to Eli Murdock a mortgage upon the land therein described to secure the payment of a promissory note for the sum of $3,500, upon which note Murdock took a judgment in the Ripley Circuit Court on the 10th day of December, 1868, together with a decree of foreclosure. Eli Murdock died intestate, on the 10th day of February, 1869,

leaving as his only heirs at law Jane Murdock, his widow, John Murdock, Harvey Murdock, Hezekiah Murdock and Eliphalet Murdock, his sons, and Martha Cox, his daughter, all of whom were of full age.   The heirs paid the debts and made a distribution of all the estate of Eli Murdock among themselves, except the above judgment and decree, without administration.   The wife of the appellant having an interest in said judgment and decree, the appellant, as the representative of his wife, employed the appellee, as an attorney at law, to collect the judgment and decree.   Under the advice of the appellee, the appellant took letters of administration on the estate of Eli Murdock on the 13th day of September, 1875, caused a copy of said decree to be issued, the land therein described to be sold, and, under the order of the Ripley Circuit Court, bid it in for the benefit of the estate.   Prior to the purchase of the land by the appellant, namely, on the 9th day of February, 1874, William S. Rice purchased said land at tax-sale for the sum of $492.44. Rice, having obtained a tax-deed pursuant to his purchase, employed the appellee as his attorney to bring an action to quiet his title to said land, and on the 30th day of December, 1876, the said Rice, by the appellee as his attorney, commenced suit for that purpose in the Ripley Circuit Court against the appellant and others.   When served with process, the appellee advised the appellant that it was not necessary for him to appear to said action, but that he should make default, which he did.   Upon a trial of the cause the tax deed was declared invalid, but Rice recovered a judgment for the sum of $673.18 for taxes paid, and a decree foreclosing his lien.   Upon a certified copy of this decree Rice purchased the land and took a deed therefor.

On the 22d day of April, 1879, Rice conveyed said land to the appellee by a quitclaim deed, and on the 29th day of October, 1879, the appellee sold and conveyed the land to John Peterman.   At the time the appellee took a conveyance of the land he did so under an agreement between him

and the appellant, that he was to account to the appellant for the proceeds of said land, less the amount paid by him to Rice and his reasonable attorney's fees against the estate of Eli Murdock.

The appellee paid Rice $600 for the land, and the title conveyed to Peterman was worth $6,000. At the time the appellee took the conveyance from Rice he was the attorney of the appellant, as the administrator of Eli Murdock's estate, employed to collect the money due on the decree of foreclosure against the land conveyed by Rice to him.

This action was brought by the appellant against the appellee to compel the latter to account for the difference between the amount due for money paid to Rice and attorney's fees due from the estate of Eli Murdock, and the value of the land conveyed by the appellee to Peterman.

To a complaint setting out the foregoing facts the court sustained a demurrer. The assignment of error calls in question the correctness of this ruling.

An attorney in all transactions with his client is regarded as acting in a fiduciary capacity. *McCormick* v. *Malin,* 5 Blackf. 509; *Heffren* v. *Jaynes,* 39 Ind. 463.

A purchase of a bankrupt's estate by the solicitor of a commission was set aside, though he paid the full value for it at public auction; Lord Eldon declaring that he would set aside all purchases made by persons having a confidential character, however honest the circumstances. A devise of property to an attorney, on pretence that he would use it for another, though he intended to appropriate it to his own use, was held to be a gross breach of confidence, and was set aside. *Hooker* v. *Axford,* 33 Mich. 453.

A purchase by the attorney of property sold under a judgment obtained by him, for a price less than its amount, constitutes the attorney an implied trustee for his client. *Barrett* v. *Bamber,* 9 Phila. 202.

Where the relation of client and attorney existed, and the attorney, at the instance of his client, purchased a note se-

cured by mortgage on the client's land, at a considerable discount, it was held that the client was entitled to the benefit of the discount, although the attorney bought the note for himself.   *McDowell* v. *Milroy*, 69 Ill. 498.

It is a well-known rule that the attorney shall not, in any way whatever, in respect of any professional transaction between him and his client, make gain or profit for himself at the expense of his client, beyond the amount of his just and fair professional compensation. He must account to his client for all profits.   He can not, as a general rule, act adversely to his client's interest, nor use the knowledge acquired confidentially in trafficking with his client's interests.   *Tyrrell* v. *Bank of London*, 10 H. L. Cas. 26 ; *Manhattan Cloak, etc., Co.* v. *Dodge*, 120 Ind. 1 ; Weeks Attorneys at Law, section 271.

A purchase of the property involved in a suit by the attorney pending the litigation is void.   *Scobey* v. *Ross*, 13 Ind. 117 ; *West* v. *Raymond*, 21 Ind. 305.   See, also, *Lashley* v. *Cassell*, 23 Ind. 600.

The same principle which prohibits trustees and public officers from purchasing property of which they have the management, at a sale made or controlled by themselves, forbids an attorney who manages a suit and has the right to control a sale made by a commissioner, from becoming a purchaser.   Especially is such purchase invalid when it results in a sacrifice of the property to the prejudice of the client, and to the benefit of the attorney.   Weeks Attorneys at Law, section 273.

In this case the appellee was employed, as an attorney, to enforce and collect a judgment and decree against specific lands.   He proceeded so far in his employment as to procure a sale of the land, and had the appellant, under his advice, purchase it for the benefit of the estate represented by him.

The appellee subsequently purchased an outstanding title, while he was yet such attorney, under an express agreement

that he would hold it in trust for the estate represented by the appellant. We think he should be held as a trustee for his client. To hold otherwise would be in conflict with all the authorities upon the subject. He should account to his client for all the profits made in the transaction, that is to say, after deducting the amount paid to Rice, and his reasonable attorney's fees, due from the estate of Eli Murdock, he should pay over to the appellee, as the administrator of Murdock's estate, the remainder of the purchase-price received from Peterman.

It is claimed by the appellee that at the time he received the conveyance from Rice the relation of client and attorney between him and the appellant had ceased to exist. The allegations of the complaint are otherwise, and the demurrer admits these allegations to be true. In this condition of the record we are not at liberty to say that the confidential relation of client and attorney had ceased to exist.

In our opinion the court erred in sustaining the demurrer of the appellee to the appellant's complaint.

Judgment reversed with directions to the circuit court to overrule the demurrer to the complaint.

BERKSHIRE, J., took no part in the decision of this cause.

Filed Dec. 20, 1890; petition for a rehearing overruled June 13, 1891.