### ROSS v. CITY OF FT. WAYNE.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1894.)

#### No. 147.

MAINTENANCE—WHAT CONSTITUTES—ASSIGNMENT OF CAUSE OF ACTION.
    One who, having an interest in the subject-matter of a suit, buys up the interest of the plaintiff pending suit, and thereafter prosecutes the suit himself, is not guilty of maintenance.

On rehearing. For former opinion and statement of facts, see 63 Fed. 466.

WOODS, Circuit Judge. The court did not overlook the question of the insufficiency of the bill for the failure to aver that the alleged invention had not been "patented or described in any printed publication in this or in any foreign country." The court below had declared the bill amendable in that respect, as it clearly was, if defective, and we deemed it an immaterial question. If we had considered it, and had come to one conclusion or the other, our decision upon the appeal would have been the same. The question upon which the judgment of the court below turned was the question which we deemed it important to decide. We do not think it necessary to consider minutely whether the bill was defective in particulars which were amendable. Now, as before, our opinion is that the facts stated in the bill made "a case for equitable relief."

But finally it is urged that the logical effect of our conclusion is "to set aside the doctrine of maintenance and its effects, and to open wide a door to what have heretofore been considered undesirable practices." The case comes from Indiana, where, as elsewhere in this country, the doctrines of the common law in respect to maintenance are not in full force. Stotsenburg v. Marks, 79 Ind. 193, and cases cited; Allen v. Frazee, 85 Ind. 283; Board of Com'rs v. Jameson, 86 Ind. 154; Burnes v. Scott, 117 U. S. 582, 6 Sup. Ct. 865. In Board of Com'rs v. Jameson, it is said:

It is clear, however, that the rule does not and cannot prevail in this state in its full extent since the Code of 1852, for it makes radical changes in the common-law rule upon the subject of assignment of choses in action. The common-law rule is limited in its operation by several provisions of the Code, but we deem it unnecessary to notice them. Many of the courts where the Code system prevails have denied its force altogether, and the tendency of modern decisions in America is to restrict, rather than enlarge, the operation of the rule. Mathewson v. Fitch, 22 Cal. 86; Cain v. Monroe, 23 Ga. 82; Allard v. Lamirande, 29 Wis. 502; Bentinck v. Franklin, 38 Tex. 458; Roberts v. Cooper, 20 How. 467; Stoever v. Whitman, 6 Bin. 416; Coughlin v. Railroad Co., 71 N. Y. 443; Orr v. Tanner, 17 Am. Law Reg. (N. S.) 759. The rule has often been criticized by the English courts; even as early as Master v. Miller, 4 Term R. 320 (vide page 340), unfavorable criticism was made. But our decisions, as we have seen, declare the rule to be in force in this state, although the extent to which it prevails has not been defined. It may, however, be safely assumed that the rule is narrowed, rather than extended, since to hold otherwise would be to oppose the letter and spirit of our Code, as well as the general principles of what Austin calls our "judge-made law." Patterson v. Nixon, 79 Ind. 251.

Besides, it appears in this case that Ross had an interest with Walker in the patent and in the cause of action when the suit was commenced, and it was therefore not forbidden him by the law of maintenance, however broadly applied, to acquire the title and interest of Walker pending the suit. Petition denied at cost of appellee.