## WHINERY v. BROWN.

[No. 5,408.   Filed October 12, 1905.]

1. APPEAL AND ERROR.—*Complaint.—Subscription.—Striking Out.*—No question is presented on appeal on the trial court's overruling a motion to strike out the complaint for want of subscription, when the transcript shows a subscription by plaintiff's attorney and fails to show when it was made.   p. 278.

2. PLEADING.—*Complaint.—Liens.—Attorneys.—Defense.*—A complaint by a client against his attorney for the whole of the fund

received for him by such attorney is not bad for failure to show that such attorney had been paid for services rendered, such matters constituting proper matter of defense. p. 278.

3. DEMAND.—*Evidence of.*—*Attorneys.*—*Collections.*—*Failure to Pay Over.*—A demand is necessary before a client can sue an attorney for money collected and retained, but where the proof shows that such client tried to settle with such attorney but failed on account of the amount of the fee demanded by such attorney, a demand is sufficiently shown. p. 278.

4. TRIAL.—*Instructions.*—*How Considered.*—An instruction should be considered as a whole and not by detached portions. p. 280.

5. CONTRACTS. — *Champerty and Maintenance.* — *Attorney and Client.*—A contract by which an attorney shall receive a certain per cent of what he collects is not void for champerty, and if fairly entered into, will be enforced. p. 281.

6. NEW TRIAL.—*Amount of Recovery.*—*Cross-Demands.*—Where a client sued his attorney for $100 collected for such client and claimed a contract with such attorney that his fee should be one-fifth of the amount collected, and the attorney filed a cross-complaint for $40 as a reasonable fee for the service, denying such contract, and the uncontradicted evidence showed a reasonable fee to be from $35 to $50, a verdict for such attorney on the cross-complaint for $25 will be set aside as not sustained by the evidence. p. 282.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by Edwin T. Brown against William J. Whinery. From a judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*Edward J. Eder* and *William J. Whinery,* for appellant. *J. G. Ibach,* for appellee.

ROBINSON, J.—Action by appellee for the recovery of money. The first paragraph of complaint avers that appellee employed appellant to prosecute a claim for damages, and that appellant collected $100 which he retains and refuses to pay over on demand. In the second paragraph it is averred that appellee gave appellant, for collection, a claim for damages, and at the time it was agreed that for collecting the same appellee "was to pay the defendant the sum of $10 if $50 was recovered, and if more was recovered a fee should be paid to this defendant in

the same proportion;" that appellant collected $100 and is entitled to retain $20 therefrom according to the agreement; that appellee has demanded $80, which appellant refuses to pay, and asks judgment for that sum.

As the record comes to this court, there was no error in refusing, on motion, to strike out the complaint because not subscribed as required by §361 Burns 1901,
1. §358 R. S. 1881. The complaint set out in the record is signed by appellee's attorney, and the record does not disclose that it was not signed when filed.

Against the court's ruling upon the demurrer to the first paragraph of complaint, it is argued that as an attorney has for his fees an equitable lien upon money col-
2. lected for a client, the pleading should show that provision had been made for such fees. "The lien which an attorney is said to have is merely a claim to the equitable interference of the court for his debt when he finds that his client is about to deprive him of it," said the court in *Koons* v. *Beach* (1897), 147 Ind. 137, 143. Whether appellant has any valid claim on the fund would be matter of defense or counterclaim. The money sought to be recovered is averred to have been paid to appellant for the use of appellee. He is entitled to recover the whole sum as his property, unless appellant defends against the action. The right to a lien upon the fund does not necessarily and of itself prevent an action for the fund. The right to the lien may be asserted, or it may be waived; and, if asserted, it is not necessarily any more than a partial defense to the action.

There was no error in overruling appellant's written request that the jury be instructed to return a verdict in his favor at the close of appellee's evidence. It is ar-
3. gued that this request should have been granted, because there was no evidence introduced by appellee to show a demand before suit was brought. Appellee testified that he employed appellant to bring an action, and,

in answer to what he would charge, appellant said that if he collected $50 he would charge $10, or if he collected more the charge would be in proportion; that the witness suggested that they have the agreement in writing, but appellant said it was unnecessary; that appellant collected $100, none of which he had paid to appellee. On cross-examination the witness testified that there was nothing said about whether appellant was to have nothing if he collected nothing. Redirect examination: Afterwards appellant told appellee that he got the money the night before. "He [appellant] said: 'I have been to some expense trying to settle this.' 'Well,' he said, 'is $40 too much?' I said, 'Yes.' He said that we might just as well settle it here, 'I will take $35.' I said, 'you will not.' I says, 'if you will give me $75 of it we will settle it.' Oh, no, he could not think of such a thing, so I went out." Chester Brown testified that he was present when the agreement as to the charges was made, and that the agreement was as testified to by the above witness.

It is well settled that an action can not be maintained against an attorney to recover money alleged to be in his hands until after a demand and a refusal to pay on the part of the attorney. *Pierse* v. *Thornton* (1873), 44 Ind. 235; *Heddens* v. *Younglove, Massey & Co.* (1874), 46 Ind. 212; *Claypool* v. *Gish* (1886), 108 Ind. 424. But we think the court might properly conclude from the above evidence that a demand had been made before suit was brought. The reason of the rule requiring a demand is that it would be inequitable to subject a defendant to litigation without first giving him an opportunity to comply with the plaintiff's claim without the annoyance and expense of a suit. The reason of the rule fails in the light of the above evidence. The evidence shows more than merely the collection of the money and that it was not paid. By necessary implication from the conversation related by the witness there was a refusal to pay.

That part of the seventh instruction set out in appellant's brief might be objectionable if standing alone; but
4. when the whole of the instruction is considered it is not open to the objection urged against it. Applying the well-settled rule that an instruction is to be considered as a whole, and not in detached portions, there was no reversible error in giving the instruction.

The remaining questions argued by counsel go to the sufficiency of the evidence. Appellant answered the complaint by general denial, and in a second paragraph of answer alleged that appellee was to pay him a reasonable sum for his services; that a judgment for $100 was recovered, which appellant had received from the clerk; that $40 is a reasonable fee. He further alleged a tender of $60 and $2.80 costs; and the payment of the $62.80 to the clerk. Appellant also filed a cross-complaint asking judgment for $100 for services performed by him at appellee's special instance and request. The jury returned a verdict in appellee's favor for $100, and also in appellant's favor on his cross-complaint for $25. The court rendered judgment in appellee's favor for $100 and costs, and a judgment in favor of appellant against appellee for $25. The evidence introduced by appellant, and not disputed, shows that appellant's services were reasonably worth from $35 to $50. Appellee's testimony shows that the contract was for a contingent fee. Counsel for appellant argue that as the compensation agreed upon was contingent upon the successful result of the suit, the agreement can not be enforced, and that the measure of damages is not the contingent fee, but the reasonable value of the services rendered; citing *French v. Cunningham* (1898), 149 Ind. 632. But in that case there was a contract for a contingent fee, and the complete performance of the attorney's services had been rendered impossible or prevented by the client. In permitting the attorneys to recover for their services, it was held under the facts in that case, that the measure of damages was the

reasonable value of the services rendered, and not the contingent fee. But we do not understand that case to hold that a contract for a contingent fee is not enforceable on the sole ground that it is for a contingent fee. In that case the attorneys recovered nothing, but had rendered services and did not continue in the case because the client would not consent or permit them to do so.

In the case at bar appellant rendered the services and succeeded in obtaining a judgment. The evidence whether there was such a contract was conflicting. The contract is not champertous (*Coquillard* v. *Bearss* [1863], 21 Ind. 479, 83 Am. Dec. 362) ; nor is it void for maintenance (*Quigley* v. *Thompson* [1876], 53 Ind. 317). Champertous agreements can not be enforced in this State, but the rule declared in *Scobey* v. *Ross* (1859), 13 Ind. 117, has been restricted and modified. See *Quigley* v. *Thompson, supra; Board, etc.,* v. *Jameson* (1882), 86 Ind. 154; *Stotsenburg* v. *Marks* (1881), 79 Ind. 193; *Allen* v. *Frazee* (1882), 85 Ind. 283; *Hart* v. *State, ex rel.* (1889), 120 Ind. 83; *Cleveland, etc., R. Co.* v. *Davis* (1894), 10 Ind. App. 342; *Tron* v. *Lewis* (1903), 31 Ind. App. 178, and cases cited. While the propriety of contracts for contingent fees has been vehemently debated, yet, when such contracts are fairly made between counsel and clients, made in good faith and free from fraud or imposition, they are not illegal, and are as obligatory as between other parties. It may and does happen that persons who have rights, but no means to pursue them, are obliged to resort to this means of procuring legal redress. And it is the duty of the courts carefully to scrutinize such contracts to see that no improper advantage is taken either of the ignorance or necessity of those who enter into them, and if it appears that they are obtained by any undue influence of the attorney over the client, or by fraud or imposition, or that the compensation is clearly excessive, the party aggrieved will be

protected. The fact that the practice of stipulating before-hand for professional fees, contingent on the result of the litigation, is sometimes abused, and exposes the profession to misapprehension and illiberal remark, is not sufficient excuse for refusing to enforce such a contract, when characterized throughout by "all good fidelity to the client." See *Taylor* v. *Bemiss* (1883), 110 U. S. 42, 28 L. Ed. 64, 3 Sup. Ct. 441; *Dockery* v. *McLellan* (1896), 93 Wis. 381, 67 N. W. 733; *Perry* v. *Dicken* (1884), 105 Pa. St. 83, 51 Am. Rep. 181; *Stanton* v. *Embrey* (1876), 93 U. S. 548, 23 L. Ed. 983; 3 Am. and Eng. Ency. Law (2d ed.), 440; *Newkirk* v. *Cone* (1857), 18 Ill. 449; *Winslow* v. *Central Iowa R. Co.* (1887), 71 Iowa 197, 32 N. W. 330; *Christie* v. *Sawyer* (1862), 44 N. H. 303; *Clay* v. *Ballard* (1844), 9 Rob. (La.) 308, 41 Am. Dec. 328; Weeks, Attorneys (2d ed.), 726; *Tron* v. *Lewis, supra,* and cases cited. No claim is made that the contract for the contingent fee in this case was unfair, or that it was tainted with any fraud or imposition, or that the compensation is excessive. Such a contract is enforceable.

But there was a verdict in appellant's favor on his so-called cross-complaint, which was in reality a counterclaim for the reasonable value of his services. The effect of the whole verdict is a verdict in appellee's favor for $75, which would be an allowance of $25 for services. But it affirmatively appears from the verdict that the jury found for the appellant upon his counterclaim that the contract between the parties was that appellant was to receive what his services were reasonably worth. Under the evidence the jury was not authorized to fix this amount at less than $35. The judgment follows the verdict, and the effect of the judgments rendered is a judgment in appellee's favor for $75. This is $10 more than the evidence authorizes. If appellee will remit $10 of this judgment within thirty days from this date, the judgment will be affirmed; otherwise, reversed.