## CHARLOTTE LEVY *v.* MARY WISE et als.

The overruling of an exception before issue joined, is not *res judicata* on the matters at issue ; in the mean time the court may revise interlocutory decrees rendered in the course of the proceedings.

The rule that the surety cannot plead matters personal to the principal obligor, cannot be applied to a case where the principal is alleged to be a slave, and consequently incapacitated from contracting, from motives of public policy.

When in a contract of lease, it was acknowledged that the lessee was a free woman of color, by the parties to the contract—*Held:* That the sureties are not estopped, by such acknowledgment, from alleging and proving the fact that the lessee and principal obligor was a slave.

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J. Collens & Woolridge*, for plaintiff. *J. M. Micou*, for defendants and appellants.

VOORHIES, J. The appellants are the sureties of the defendant, *Mary Wise*, to whom certain premises were leased by the plaintiff. They urged, in the court below, as a ground of defence, that the principal debtor was a slave; that the ordinances of the City Council prohibited contracts of lease entered into with slaves; and that the contract of lease made between the plaintiff and the defendant, *Mary Wise*, is null and void, because in violation of law and in derogation of public order and public policy.

Evidence offered on trial by the sureties, to substantiate this defence, was overruled on several grounds, which must be noticed *seriatim*.

1st. "That the subject-matter had been passed upon and decided in the judgment rendered on the exception herein and was *res judicata*."

The record does not contain the evidence offered on the trial of the exception; and we are left in the dark even as to the character of the proof adduced on that occasion. Be this as it may, the answer, filed subsequently, alleged the same grounds of defence as were set forth in the exception; and, as they bore upon the merits of this controversy, came more appropriately in the answer on the merits. The overruling of an exception before issued joined, is not *res judicata* on the matters at issue; the court may, in the mean time, revise interlocutory decrees, rendered in the course of proceedings.

2dly. "That the surety cannot plead matters personal to the principal obligor."

The defence set up that the contract under consideration is null and void, because it contravenes public policy, is not a personal exception. If slaves were merely incapacitated from making a contract of lease, the case might be different; but there is no affinity between a prohibitory law, laying down rules of public policy, and one merely incapacitating a party for his own protection or interest.

3dly. "That the defendants having contracted with the plaintiff by an act acknowledging the defendant, *Mary Wise*, to be a free woman of color, they are now estopped from denying the fact or proving the contrary."

If it be true that it is against the policy of the law, that a slave should rent a house in the city of New Orleans, it is obvious that a contract of that kind is radically null and void; and that whatever devices were resorted to for the purpose of evading the law, may be met by parol evidence, adduced even in behalf of the contracting parties. The admission in the contract of lease, that *Mary Wise* was a free woman of color, does not debar her co-defendants from proving the contrary. See the case of *Susan C. Weaver* v. *C. E. Alter*, Opinion Book 31, p. 164.

In remanding this case for the purpose of allowing the appellants to prove their allegations with regard to the *status* of their co-defendant, and the prohibition by the city ordinances, we must not be understood to decide that, admitting the alleged facts to be substantiated, the plaintiff would be cut off from all relief. Proper allegations and proof might perhaps be made on her behalf.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that this case be remanded for further proceedings according to law; the plaintiff and appellee paying the costs of appeal.