## MASON vs. NICHOLS, impleaded with others.

GUARANTY, *that A. will perform an agreement, binding, whether the agreement is binding or not.—Estoppel.—Evidence of valid award.*

1. It was agreed between the agent of a railroad company and the plaintiff, that no appeal should be taken from an award to be made in a pending arbitration between the company and plaintiff, but both parties should abide by the award; and thereupon N. (who acted as president of said company), together with the agent, guarantied to plaintiff the performance by the company of said agreement. *Held*, that the guarantors are liable, in case of a breach of the agreement, even if the latter was not binding on the company; and they are estopped from denying the existence of the company.

2. The evidence in this case *held* sufficient to show a valid award by the arbitrators.

APPEAL from the Circuit Court for *Green Lake* County.

Action against Timothy Dwight, *Archibald Nichols*, and the Waupun & Grand Rapids Railroad Company. The complaint avers, in substance, the incorporation of said company in 1862; that it established the line of its railway across certain land of the plaintiff; that upon its application, three persons (whose names are specified) were appointed arbitrators, September 6th, 1862, in pursuance of the charter, and these, on the 1st of November following (having duly qualified), awarded plaintiff, in due form of law, $300 for the right of way across said land, of which award defendants had due notice, and the company then and there became indebted to plaintiff in that sum, which is now due and unpaid; and that between the appointment of said arbitrators and the making of the award, the railroad company, by its agent, said Timothy Dwight, entered into an agreement in writing, which is set out in full. After reciting that a controversy existed between *Mason* and the company as to the value of the land

above mentioned, it proceeds: "We, the undersigned *Ira N. Mason* and Timothy Dwight, agent of said company, do hereby agree that the award which is made by Wm. H. Dakin, Henry Thomas and Andrew Cullings, who are appointed by the county judge of Green Lake county, under the provisions of the act incorporating said railroad company, arbitrators of said difference, * * shall be final; and we hereby agree that no appeal shall be made from such award by either party; and we do hereby agree to and with each other, and bind each other, our heirs, assigns and representatives, in the sum of one thousand dollars, to be paid, the one to the other, in default of the above mentioned conditions, and in default of the immediate compliance with the award of the arbitrators; and we the undersigned do hereby bind ourselves in the above mentioned sum of one thousand dollars to abide by, stand to and obey, and faithfully keep, the award so made by the said arbitrators, and we bind our heirs, executors, administrators and assigns to the performance of· the aforesaid award." This agreement (dated September 30th, 1862) was signed by "TIM. DWIGHT, agent of the Waupun & Grand Rapids R. R. Co.," and by the plaintiff. The complaint further avers that at the date of the agreement, *Nichols* was president of the company, and its affairs were suffered and authorized to be conducted by him and said Dwight; and that the agreement was made and delivered with its assent; that at the same time, and as a part of the same transaction, *Nichols* and Dwight endorsed upon the agreement the following guaranty, signed by them: "For value received we guaranty to *Ira N. Mason* the full and faithful performance of the above contract on the part of the Waupun & Grand Rapids Railroad Company;" that after the award was made, plaintiff and wife executed and acknowledged in due form of law to the company a warranty deed of the

premises described in the award, and tendered it to the company and to *Nichols*, its president, and demanded payment of the award, which was refused.   Judgment is demanded for the $300 awarded, with interest, and also for $1,000 as stipulated damages.   A demurrer for insufficiency of facts, and for misjoinder of defendants and of causes of action, was overruled; and *Nichols* answered by a general denial.

At the trial, an objection to the admission of any evidence under the complaint was overruled.   The written agreement above recited was admitted in evidence, against defendant's objection that he was sought to be charged as guarantor of the railroad company, whereas the undertaking in said agreement was not that of the company but only of Dwight.   Plaintiff further introduced :  1. Proof of his title to and possession of the land described in the complaint.   2. A paper purporting to be the award of said arbitrators, signed by them, November 1, 1862, and endorsed by the clerk of said circuit court as filed therein February 18, 1863, and marked "Exhibit A."   An objection to this evidence on the ground that neither the organization of the company nor the legal appointment of the arbitrators had been shown, was overruled.   Plaintiff testified that he served a copy of the award on Dwight, and demanded payment, which being neglected, he afterwards made the same demand twice of *Nichols*, the second time offering him a deed of his land occupied by the company's track (which deed was put in evidence); that Dwight at that time acted as agent of the company, *Nichols* as its president, and J. W. Seeley, Esq., as its secretary; and that he (plaintiff) received notice of an appeal by the company from the award.   Wm. H. Dakin, one of the arbitrators, testified that he signed the award; and that the road was graded at the time.   J. W. Seeley, Esq., for the plain-

tiff, being asked whether he had ever acted as attorney for said railroad company, answered that he was attorney for what purported to be a company, and that he signed a certain paper shown him, which was then put in evidence (against objection), and was a notice of an appeal by the company (under date November 20, 1862) from the award above mentioned. This paper was endorsed by the clerk of said circuit court as having been filed therein February 18, 1862, as a notice of appeal in the matter of *Ira N. Mason v. The Waupun & Grand Rapids R. R.*, and is marked "Exhibit B." Other papers endorsed in like manner, and to which said Exhibits A and B were attached, were put in evidence (against objection), viz.: 1. The certificate of the arbitrators, addressed to said circuit court, stating that they received the appointment and notice thereof as stated in "Exhibit A," and performed the duties so imposed, and awarded the damage stated in said exhibit, and gave notice thereof, and thereafter received the notice contained in "Exhibit B," etc. 2. A copy of the bill rendered by the arbitrators against the railroad company for their services. 3. A copy of the oath taken and subscribed by the arbitrators, as follows: "STATE OF WISCONSIN, County of Green Lake. Andrew Cullings, Henry Thomas, Wm. H. Dakin, commissioners appointed by the county judge, each being duly sworn separately, say that they will each of them faithfully and honestly and impartially decide the matter of difference between Ira N. Mason and the Waupun & Grand Rapids Railroad Company, and a true award make therein according to the provisions of the laws of the state of Wisconsin, and the act incorporating said railroad company, according to the best of their ability. (Signed) WM. H. DAKIN, HENRY THOMAS, ANDREW CULLINGS, Arbitrators. Subscribed and sworn to before me this 23d day of October, 1862. Subscribed and

sworn to before me this 31st day of October, 1862.   J. H. HULBERT, Justice of the Peace." On cross-examination for defendant, Mr. Seeley said that he had no knowledge that he had been appointed attorney of the railroad company, except that Dwight so informed him on requesting him to sign and serve as attorney the notice of appeal. *Question*, by plaintiff's counsel: "Was Dwight the acting man in the operations of the road from its commencement?" *Answer :* "So far as I have any knowledge, he was." *Question :* "Was *Nichols* president of the railroad company?" *Answer :* "I can't say.  I think he was called so—reputed to be so." Both these questions were objected to by the defendant.

The court refused a nonsuit, and instructed the jury to find for the plaintiff in the sum of $300, with interest from the date of the award.   Verdict and judgment accordingly; and the defendant *Nichols* appealed.

*J. H. Dawes*, for appellant:

1. The maker and the guarantor of a written contract cannot be sued together. *De Ridder v. Schermerhorn*, 10 Barb., 640; *Stewart v. Glenn*, 5 Wis., 14.   2. To recover in this action, plaintiff must have shown the legal organization of the company; a valid award; a binding agreement of the company to perform; a valid guaranty of its performance by the appellant; and a breach of this agreement. But (1.) No legal organization of the company was shown. (2.) No valid award was proven.  No appointment of arbitrators was shown.  They were not sworn.  By the charter of the company (Pr. Laws of 1862, ch. 69, sec. 14) they are directed to "severally take and subscribe an oath faithfully and honestly to decide between the parties." The copy of the oath given in the case is insufficient.  It is impossible to learn from it the time of taking the oath, and perjury could not be assigned upon it.  This being a special statu-

tory proceeding, the statute must be strictly pursued.    The date of the award is more than a month later than that of the agreement, and waiver could not be presumed, if waiver were legally possible.    But the rules of common law arbitrations do not apply to this case.    *Allen v. Chase*, 3 Wis., 249.    (3.) No agreement binding on the railroad company was shown.    (a.) The writing in evidence has not the signature of the president or secretary, nor the corporate seal, and there is no proof of any authority from the board of directors to execute it in behalf of the company.    The character of Dwight's agency, whether general or special, and the scope of his duties are left to conjecture.    *Soper v. B. & R. R. R. Co.*, 19 Barb., 310; *Dennison v. Austin*, 15 Wis., 334.    (b.) The contract, if properly executed to bind the company, was *ultra vires*.    No officer of the company had power to say, before award made, that there should be no appeal.    *Brady v. Mayor, etc.*, 2 Bosw., 173; 7 Abb., 462; 20 N. Y., 312.    (c.) The contract is not that of the company, but of Dwight.    *Rupert v. Madden*, 1 Chand., 146; *Dennison v. Austin*, 15 Wis., 334; *Barker v. Mechanics Ins. Co.*, 3 Wend., 94; *Bottomley v. Fisher*, 1 Hurl. & Colt., 211; Story on Con., §§ 141, 143.    4. The contract of guaranty is by its own terms limited to the agreement of the railroad company, and cannot be extended to one made by Dwight.    Such a contract is *strictissimi juris*. *Bigelow v. Benton*, 14 Barb., 123, and cases there cited.    5. The only breach assigned is *non-payment* of the award. Testimony in regard to the *appeal* was irrelevant.    But it was not shown that payment was due.    The statute makes it the duty of the arbitrators to "deliver a copy of the award in writing to each of the parties," and there is no proof that they gave a copy or any notice whatever to the company.    It is not shown that plaintiff acted for them in

presenting a copy to Dwight, nor that Dwight's agency was of such a character as to make presentment to him good.

*Truesdell & Waring*, for respondent:

1. There is no cause of action stated against the railroad company, and it should not have been made a party; but the appellant cannot object to this. 2. The other defendants have for value guarantied the performance by the company of the agreement executed by Dwight; and it makes no difference whether that agreement was binding on the company or not. 4 Chand., 143; 4 Hill, 181.

COLE, J. According to our understanding of the matter, it is quite immaterial whether the agreement set out in the case was binding on the company or not. If Dwight had no authority as agent of the company to make the agreement, he could certainly bind himself personally. The agreement discloses a sufficient consideration for his undertaking. He agreed that the company should stand by and faithfully keep the award made by the arbitrators, and that no appeal should be taken by the company from that award. That is a sufficient consideration to support his undertaking.

Again, he and *Nichols*, for value received, guarantied the faithful performance of that contract on the part of the company. Suppose the contract, for any reason, was not binding on the company. This does not relieve them from their liability. They have undertaken for a valuable consideration that the company would perform it.

Again, it is said that it did not appear that there was a legal organization of the company. We think they are estopped from claiming that the company was not organized. They have engaged that the company should do certain things. Ought they not to be estopped, after this, to say that the company has no existence?

A number of objections are taken, to the effect that no award was shown; that there was no appointment of arbitrators; that the arbitrators were not sworn, etc.   These objections are all untenable.   A valid award was shown, and it appeared that the company had not faithfully performed it.

We think the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*—Judgment affirmed.