No. 5876.

### D. N. LEE v. J. N. YANDELL ET AL.

1. CHARGE OF COURT.—The submission to the jury by instructions, of a hy-
pothetical state of facts not authorized by the evidence, and upon which
they are told they may predicate their verdict, is improper in practice,
and though there may be no finding based on it, its effect in prejudicing
the finding of the jury on other issues, renders it an error the extent of
which sometimes can not be estimated.

2. LUNACY, PRINCIPAL AND SURETY—CHARGE OF COURT.—If the payee of
a note, who is ignorant of the fact that the principal maker is of unsound
mind, acts in good faith in receiving it, the sureties thereon are bound
though the principal may not be. When such an issue is presented the
liability of the principal, and that of the sureties should be presented in
a charge, distinctly stating the law applicable to each.

3. CHARGE OF COURT.—In charging a jury, questions of fact should be sub-
mitted without comment, and care observed to avoid giving prominence
to any, in such terms as to indicate the tendency of the mind of the trial
judge.

APPEAL from Nolan. Tried below before the Hon. Wm. Ken-
nedy.

This suit was brought by appellant against Yandell, appellee,
and W. A. Gray and A. M. Waldrup, on a promissory note,
joint and several upon its face, but which it was alleged in the an-
swer that Gray and Waldrup signed as sureties. The answer

alleged that Yandell was non compos mentis when the note was made and that there was no consideration therefor. An attachment was levied on some sheep belonging to Waldrup, which he alleged was procured through malice. He claimed actual damages in a large sum. Verdict for all defendants and for Waldrup on his plea for damages in the sum of five hundred and seventy-five dollars. The evidence as to the lunacy of Yandell when the note was made was meager, much evidence being introduced to the contrary. It was executed in November, 1883, and Yandell was declared a lunatic in the June following.

The court charged the jury, among other things, as follows:

"If you find from the evidence that the note sued upon was given in settlement of a partnership business between plaintiff and defendant Yandell, and that it was given for a larger amount than was due from Yandell to Lee, you will, in case you find for plaintiff under the foregoing instructions, deduct the excess from the face of the note sued on."

This was assigned as error.

*Charles I. Evans,* for appellant.

*W. H. Cowan,* for appellees.

MALTBIE, JUDGE. There is no evidence in the record tending to show that the note was given for a larger amount than was, upon settlement of the partnership, found to be due. And the submission of such a proposition was, in our opinion, calculated to prejudice the jury against the plaintiff; and, although there was no finding in response to this charge, it may have operated to plaintiff's disadvantage on other issues.

The third charge is as follows:

"If you find from the evidence that the defendant Yandell, at the time he signed the note sued on, was of unsound mind to such an extent as to be unable to comprehend the nature, meaning and effect of his act in signing such note, you will return a verdict for defendants."

This was also assigned as error; and, being the only instruction given in reference to Yandell's sanity, it should be considered in the light of all the facts proven on the trial in reference to that subject. While it must be regarded as an imperfect presentation of the law of the case, as a general proposition it can not be said to be incorrect; and the plaintiff not having

called the attention of the court to other phases of the question by asking appropriate instructions, ordinarily there would not be error in the omission. (Farquhar v. Dallas, 20 Texas, 200; Gallagher v. Bowie, 66 Texas, 265.) In this case, however, two other persons signed said note as sureties, and, under the charge, the jury found in favor of said sureties as well as the principal, Yandell.

As a general proposition, whenever a principal on a note is discharged, his sureties will be also; but to this rule there are certain well established exceptions. For instance, the note of a married woman is generally held to be void; but if persons, not themselves under disability, sign the note of a married woman, without the payee having been guilty of fraud or deceit in procuring the signature of such married woman, the sureties would be liable though the principal be discharged. (2 Daniel on Neg. Inst., par. 1306a; Davis v. Staaps, 43 Ind., 103; Allen v. Berryhill, 27 Iowa, 531; Hicks v. Randolph, 3 Baxter, 352.)

The same principle has been extended to sureties on notes executed by infants; and it is believed that no valid reason can be given why sureties of a person of unsound mind should not be held liable under like circumstances, though the principal be discharged, especially so, when the payee of the note is ignorant of the fact that the principal is a lunatic; as in such case a recovery might be had even against the lunatic, if the payee acted in good faith. (Pomeroy's Equity, volume 2, page 946.) The contract of a surety is, that if the principal does not pay, he will, and sound policy as well as the plainest principles of justice demand, that when there is a valid consideration, and the payee has done nothing to deceive or mislead either principal or surety, and the principal is held to be not liable, on account of some disability existing at the time of the making of the contract, whether such disability be coverture, infancy or unsoundness of mind, the surety should be held to the terms of his contract. The reason given in some of the cases why the surety of a married woman is held, is that the payee and the surety knew at the time that the contract was made that the married woman might refuse to pay, or that the contract was made in reference thereto, the surety binding himself to pay in case she should avail herself of her legal rights. In case of a lunatic it might be presumed that if the payee knew of the disability, the sureties being his close friends, would also know of it, and that the contract was made in reference to that state of facts. There was

no evidence that Lee had in any manner deceived, overreached or defrauded Yandell in procuring him to sign the note. Hence we are of opinion that the charge of the court should have been limited to Yandell, and the question submitted as to the liabilities of the sureties on the principles herein enunciated.

In reference to the liability of Lee, on defendant Waldrup's plea in reconvention the court charged the jury as follows:

"6. If you find from the evidence that at the time the plaintiff D. N. Lee made the affidavit for attachment, in this case, that the defendant A. M. Waldrup was not about to remove his property, or a part thereof, out of the county of Nolan, with intent to defraud his creditors, you will find in favor of said Waldrup the actual damages, not exceeding one thousand dollars, suffered by him by the levy of such attachment; no matter how sincere and firm was the belief, on the part of the plaintiff, that said Waldrup was moving out such property with intent to defraud his creditors.

"8. Should you find for the defendant Waldrup for his actual damages, under sixth paragraph of this charge, you will estimate the amount of the damages at the value of the sheep (if any) whose death was directly caused by the levy of the attachment, and the value of the lambs (if any) which were lost by the improper treatment of the ewes whilst under attachment.

These instructions are likewise assigned as error, and we think the same objectionable in bringing directly to the attention of the jury that it was claimed that lambs and ewes died from bad treatment while being held under attachment, thus giving that fact undue prominence; also, in informing the jury in case they should find actual damages, not to find exceeding one thousand dollars, that being the amount claimed in defendant's answer, and which might be taken on the part of the jury as an intimation that, in the opinion of the court, one thousand dollars damages was not far from right. (20 Texas, 247; 26 Id., 212.)

The warning contained in the latter part of the paragraph is also deemed inappropriate, though a correct proposition of law. The policy of the law in this State is to submit questions of facts to the jury, without any comment whatever. Quite a number of errors have been assigned, but none other of a material character have been found. Upon the whole, we are of opinion that the case should be reversed and remanded.

*Reversed and remanded.*

Opinion adopted November 1, 1887.