L. M. LOGAN v. TEXAS BUILDING AND LOAN ASSOCIATION.

No. 394.

1. **Contract—Ultra Vires—Discounting.**—The constitutional provision, that no corporate body shall be created "with banking and discounting privileges," does not render a note illegal and void because it has been discounted by an incorporated building and loan association, and the illegality of such act of discounting will constitute a defense simply of ultra vires. One who receives money on his note so discounted can not set up the defense of ultra vires when sued thereon.

2. **Pleading—Jurisdiction Over Person—Waiver.**—A defendant who has answered to the merits can not afterwards plead his privilege to be sued in his own county because the plaintiff files an amended petition asking additional and alternative relief.

3. **Same.**—Where the court has acquired jurisdiction of the parties, any matter which can be legitimately determined in the suit may be pleaded without ousting the jurisdiction already acquired.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*F. M. Etheridge* and *Frost & Blanding,* for appellant.—1. The exercising of a discounting privilege by a private corporation created under the laws of this State is an act prohibited by the Constitution, and is therefore illegal and void. Const., art. 16, sec. 16; Anderson v. B. and L. Assn., 16 S. W. Rep., 298; Hunt v. Robinson, 1 Texas, 758; Persons v. Jones, 58 Am. Dec., 476; Davis v. Sittig, 65 Texas, 497; 2 Beach Priv. Corp., secs. 438, 439.

2. An act done which is positively prohibited by law is void; and a contract based on an act which is illegal because prohibited by statute can not be enforced in an action brought for that purpose. Taylor Priv. Corp., sec. 298; Trust Co. v. Helmer, 77 N. Y., 64; In re Jaycox, 12 Blatch., 209.

3. There is no expressed penalty attached to doing the obnoxious thing or act, except that the courts, when called upon to enforce final consummation of the illegal transaction, refuse their aid and leave the parties where they find them. Crocker v. Whitney, 71 N. Y., 161; Fowler v. Scully, 72 Pa. St., 456; Ripley v. Harris, 3 Biss., 199; Bank v. Rowell, 2 Dill., 371; 1 Jones on Mort., 2 ed., 134.

*Richard Mays* and *R. S. Neblett,* for appellee.—1. There was no error in overruling appellant's plea of privilege, because it appears from the bill of exceptions that it was filed after an answer to the merits. Taylor v. Hall, 20 Texas, 211; Darke v. Brander, 8 Texas, 351.

2. A court having once acquired jurisdiction of the parties and of a part of the subject matter involved, has the power to retain the cause for all purposes, and proceed to a final determination of all matters at issue incident to or growing out of the entire transaction between the parties. Eckford v. Knox, 67 Texas, 200; Chambers v. Cannon, 62 Texas, 294; 1 Pom. Eq., secs. 181–243; Stein v. Frieberg, 64

Texas, 271; Willis v. Gordon, 22 Texas, 243; Burke v. Vanderlip Exrs., 22 Texas, 221; Witt v. Kaufman, 25 Texas Supp., 384.

3. Appellant having received from appellee the benefit of the contract fully performed by it in good faith, will not now be heard to plead the want of power in appellee to make such a contract. Bond v. Mfg. Co., 82 Texas, 310; Indianola v. Railway, 56 Texas, 602; Bank v. Emery, 78 Texas, 498; 2 Morse on Banking, 1102; Hekner v. Bank, 8 Wheat., 338; Bank v. Mathews, 98 U. S., 621; 2 Beach Priv. Corp., sec. 424; Field's Ultra Vires, 351.

FINLEY, ASSOCIATE JUSTICE.—On August 12, 1891, the Texas Building and Loan Association, a private corporation, of Corsicana, Texas, filed its original petition in a suit against L. M. Logan, of Wilbarger County, for recovery on a note executed by him in the sum of $1800, dated August 21, 1889, payable to plaintiff or order, at Corsicana, Texas, in sixty successive monthly installments of $30 each; the first installment maturing September 21, 1889. The note further recited, that if any installment remains unpaid for ten days after maturity, then, at the option of the holder of the note, the whole sum remaining unpaid shall immediately become due, and bear interest at the rate of 12 per cent from date; also, if the note is collected by suit, 10 per cent is to be added as attorney's fees. The note further recites, that it is given for part of the purchase money of a lot 145 by 200 feet, part of block number 14, in Vernon, Wilbarger County, Texas. Three hundred and sixty dollars had been paid in monthly installments, the last payment being made on August 25, 1890. Default being made in the monthly payments, plaintiff elected to declare the entire sum due. The plaintiff further avers, in its original petition, that on August 16, 1889, B. M. Logan and wife, Elizabeth Logan, conveyed the described lot to L. M. Logan, and in part consideration therefor L. M. Logan executed his note to them for $1200, with interest at 10 per cent, due August 16, 1890; that to secure the payment of the same a vendor's lien was retained in the deed made by them to L. M. Logan; that B. M. Logan and Elizabeth Logan transferred and assigned this $1200 note to plaintiff; that for the purpose of obtaining a longer period of time in which to pay off and discharge the $1200 note, L. M. Logan executed the note sued on for $1800, in lieu of the $1200 note. The defendants, B. M. Logan and wife, Elizabeth Logan, were made codefendants with L. M. Logan, because, it is averred, they hold some kind of title, believed to be the legal title to the premises. Plaintiff prayed for judgment and foreclosure of its lien for the unpaid balance of the $1800 note. The defendant L. M. Logan filed his original answer on October 20, 1891, consisting of general and special demurrers, and general denial, and special defenses. On October 20, 1891, plaintiff filed its first amended petition, containing same allegations as in the original petition, and in addition to the prayer originally made, prayed in the alternative: (1) for a recovery upon the $1200

note as a cause of action, in case the $1800 note should be held void; (2) the right to be subrogated to the original rights of B. M. Logan and wife to recover on the $1200 note, and to foreclose the vendor's lien, by reason of plaintiff's having advanced the money with which the $1200 note was paid off by defendant L. M. Logan, alleging that the sum of $1200 had been loaned him for that purpose. On March 30, 1892, the defendants filed a plea to the jurisdiction of the court as to any cause of action set up in the amended petition except the suit on the $1800 note, the cause of action originally declared on, pleading their privilege to be sued in Wilbarger County, the place of their domicile, where the note for $1200 is by its terms payable, and where the land on which the lien is claimed is situated, in the event the court, either on demurrer or trial on the merits, determines that no action can be maintained or recovery had by plaintiff on the $1800 note, by reason of the same having been acquired by plaintiff in a transaction of discount or the exercising of a discounting privilege by plaintiff.

Defendant L. M. Logan, on March 30, 1892, filed his first amended answer, to wit:

1. General demurrer.

2. Special demurrer, viz: (1) The plaintiff being a private corporation, incorporated and organized under the laws of the State of Texas, it took and accepted the note declared on for $1800, in consideration of the advancement and loan of $1200, and that such transaction constitutes a discounting by plaintiff, which is an act ultra vires, illegal, and void. (2) The said $1800 note does not constitute a vendor's lien on the premises described. (3) Plaintiff's corporate powers are definite, and described by its charter to be exercised for the purpose of erecting buildings, and the accumulation and loan of funds for the purchase of real property in cities, towns, and villages. (4) The court has no jurisdiction, for the reason, that defendants reside in Wilbarger County and not in Navarro County, and neither of the defendants has in writing obligated that payment of any valid obligation shall be performed in Navarro County.

3. General denial.

4. Special defenses, viz: (1) Facts disclosing that the notes described in plaintiff's petition came into the possession of plaintiff by reason of a transaction constituting a discounting exercised on the part of plaintiff, in violation of the Constitution and laws of the State. (2) Usury.

The original petition filed by appellee on August 12, 1891, set up all the facts out of which the $1800 note grew, and the prayer in the amended petition, filed October 29, 1891, simply asks for additional relief on the facts stated. Before appellant's plea of privilege was filed, it answered to the merits of the case, as set out in the amended petition filed October 20, 1891.

On these issues of law and fact the parties went to trial before the court without a jury, on March 30, 1892, which resulted: 1. In the

overruling of defendants' plea of privilege, because the court considered that defendants had waived their personal privilege to be sued in Wilbarger County by previously filing their plea to the merits. 2. Judgment for plaintiff against L. M. Logan for $1216.08, with interest thereon at 10 per cent per annum, with foreclosure of the vendor's lien on the property described. To the action of the court in rendering judgment against defendants, they excepted, gave notice of appeal, and have assigned errors.

The evidence established the facts as alleged in plaintiff's pleadings. The case was tried by the court without a jury, and no conclusions of fact and law were requested, or found by the trial court.

*Opinion.*—The first and second assignments of error, and the propositions urged thereunder, are as follows:

"1. The plaintiff having declared in its original petition, filed August 12, 1891, on a note for $1800, executed by defendant L. M. Logan, payable at Corsicana, Texas, to the order of plaintiff, to the merits of which the defendant L. M. Logan answered by original answer filed on October 20, 1891; and the plaintiff, on October 29, 1891, having filed its first amended original petition setting up alternately as a cause of action against defendant L. M. Logan, a certain note for $1200, executed by L. M. Logan, payable at Vernon, Wilbarger County, Texas, in lieu of which the plaintiff alleges the $1800 note was given. The defendant L. M. Logan, before pleading to the merits of plaintiff's amended petition, setting up as a cause of action the $1200 note, filed his plea of privilege of being sued in Wilbarger County, and said plea being presented in limine, was overruled, which ruling of the court defendant L. M. Logan assigns as error.

"2. The court erred in not sustaining defendant's plea of privilege after hearing the testimony submitted on the trial of said cause; it appearing therefrom that the note for $1800 executed by defendant, payable to plaintiff, was procured by plaintiff in a transaction which is void by reason of a discounting by plaintiff of the face value of the same, and therefore no action could be maintained thereon; and that the note for $1200, set up for the first time as a cause of action in plaintiff's amended petition, was not by any promise in writing agreed to be paid in Navarro County, but made payable by its terms in Wilbarger County, the place of residence of defendants, and locus of the land on which said note is alleged to be a lien."

The proposition urged under the first and second assignments of error is as follows: "The defendants, being residents of Wilbarger County, Texas, should have been sued in that county and not in Navarro County, and their plea of privilege to the venue should have been sustained, unless the note declared on in the original petition was a legal, valid, and subsisting obligation."

These assignments are not well taken:

1. L. M. Logan, having obtained money from appellee for which the $1800 note was executed, is not in a position to urge the defense of ultra vires. See following cases decided by this court: Taylor v. Callaway, 7 Texas Civ. App., 461; Smith v. White, 25 S. W. Rep., 809; Keys v. Building and Loan Association, 25 S. W. Rep., 809.

2. In so far as the plea was overruled, the amended pleadings contained the same allegations of fact, different only in the prayer for relief.

3. The court having acquired jurisdiction of the parties, any matter which could be legitimately determined in the suit could be pleaded without ousting the jurisdiction already acquired. 67 Texas, 200; 62 Texas, 294; 64 Texas, 27; 22 Texas, 243; 25 Texas Supp., 384; 1 Pom. Eq., secs. 181–243.

4. The plea was urged after answer to the merits, and for that reason could not prevail. 20 Texas, 211; 8 Texas, 351.

It is urged that this is not a defense of ultra vires simply; that the *act* on the part of appellee was illegal and void, because prohibited by the Constitution, and therefore the courts will not enforce the contract.

Section 16, article 16, of the Constitution, provides: "No corporate body shall hereafter be created with banking or discounting privileges." The provision is a limitation upon the powers of the Legislature in creating corporations; it does not denounce banking and discounting, but prohibits the creation of artificial persons endowed with such privileges. Discounting is a legal, moral, and highly necessary business to the commerce of the country, and may be engaged in by any person having legal capacity to transact such business. A corporation whose charter, purposes, and powers do not embrace that character of business, would not be legally authorized to transact such business if this constitutional provision did not exist. It has only such powers as are granted by the charter, and may not legally exercise powers not given by the law of its creation. Whether the Legislature upon unlimited discretion declines to grant a particular power to a corporation, or refuses by reason of a constitutional limitation upon its discretion to grant such power, the corporation may not exercise the power for the same reason in either case; namely, if under the law of its creation it does not possess the power, the act is ultra vires. This was not a contract which was illegal, because immoral, against public policy, or denounced by the law of the State; the only objection that can be urged is, that the power to engage in such business is by law withheld from such corporations. It is the simple defense of ultra vires, and the appellant, having received the money on the contract, can not now be heard to deny the power of the corporation to make a contract. 82 Texas, 310; 56 Texas, 602; 78 Texas, 54; Bank v. Matthews, 98 U. S., 621.

Under the facts of this case, appellee was entitled to recover the amount awarded by the judgment; the debt constituted a lien on the land, and it was also entitled to a foreclosure.

It is not necessary to discuss any of the other assignments of error; none of them are well taken.

The judgment is affirmed.

*Affirmed.*