## LANCASTER TOWNSHIP OF WELLS COUNTY *v.* GRAVES ET AL.

[No. 7,141. Filed October 25, 1911.]

1. CHAMPERTY AND MAINTENANCE.—*Contracts.—Validity.*—At the common law contracts for maintenance or champerty were void. p. 501.

2. CONTRACTS.—*Payment of Costs of Litigation for Part of Amount Recovered.—Townships.*—A contract between a township and an auditing company, whereby the latter agreed to investigate the accounts of a former trustee of such township and, if necessary, to litigate his liability in court, its bond providing that it should "hold said * * * township free from all costs and expenses in any litigation," its compensation being a certain per cent of the amount recovered, is void. p. 501.

3. CONTRACTS.—*Bonds.—Construction.—Townships.*—A contract by an auditing company, and the bond given to secure the performance thereof, executed to a township for the purpose of investigating the official acts of a former trustee and to recover any money found due to the township, must be construed together as constituting one contract. p. 503.

From Wells Circuit Court; *John M. Smith,* Special Judge.

Action by Lancaster Township of Wells County against John C. Graves, and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Eichhorn & Vaughn,* for appellant.

*John C. Graves* and *Frank W. Gordon,* for appellees.

MYERS, J.—In July, 1905, appellees John C. Graves, John H. Brubaker and John C. Dunlap, under the name of The J. C. Graves Auditing Company, were engaged in auditing the books and accounts of township trustees in Indiana. Said firm was employed to audit the books of a certain trustee of Lancaster township, Wells county, under a contract whereby said company was to receive for all services, costs and expenses connected with said investigation thirty-three and one-third per cent of all money recovered from said trustee, and in case it became necessary, to bring suit to recover any money found due to the township from said trustee, and as a part of said contract, said company agreed to protect the township and save it harmless from any costs and expenses incident to any litigation in connection therewith. For the faithful performance of said contract on its part, said company executed to appellant a bond in the sum of $500, with appellee Federal Union Surety Company as surety. Pursuant to the terms of said contract, said company, in the name of said township, brought an action against said trustee, and on his bond, to recover certain money alleged to be due from him to Lancaster township. Thereafter such proceedings were had in the Wells Circuit Court that judgment was rendered in favor of defendants in that action, and against said township for costs, aggregating $130.65, which was paid. Thereafter said township brought this action against appellees, and upon said bond, to recover the sum so paid by it on account of costs as aforesaid.

A demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered against it. The following questions are presented for our consideration: (1) Was the contract between said company and appellant champertous? (2) Is the

surety on a bond liable for the faithful performance of a champertous contract?

At common law, contracts for maintenance and champerty were void (*Scobey* v. *Ross* [1859], 13 Ind. 117; *Coquillard's Admr.* v. *Bearss* [1863], 21 Ind. 479, 83 Am. Dec. 362), and in this State the common law, with some restrictions with reference to such contracts, is recognized and enforced (*Mud Valley, etc., Gas Co.* v. *Hitchcock* [1907], 40 Ind. App. 105). The reason that such contracts are void is well known (*Scobey* v. *Ross, supra; Brown* v. *Bigne* [1891], 21 Or. 260, 28 Pac. 11, 14 L. R. A. 745, 28 Am. St. 752; *Mud Valley, etc., Gas Co.* v. *Hitchcock, supra*), and we need not enter into an investigation of that subject.

The breach of the bond on which this action is predicated is the refusal of appellees to reimburse appellant for court costs paid according to the following terms of the bond:

"If the above-bound The J. C. Graves Auditing Company shall hold said Lancaster township free from all court costs and expenses in any litigation growing out of any suit or suits which may be filed against Joel Frye, ex-trustee of said township, under a certain contract this day executed between the advisory board of said township and The J. C. Graves Auditing Company, then the above obligation to be void, else to remain in full force."

The parties to the contract, in anticipation of litigation with the former trustee, in consideration of thirty-three and one-third per cent of the amount recovered, stipulated that all attorneys' fees, costs and expenses which might be incurred in any suit or suits for the recovery of any moneys found due the appellant, should be paid by the auditing company. The essence of the contract on the part of appellant was that in case of litigation and no recovery there was to be no liability; and, further to protect it in this respect, the bond in suit was executed. The two instruments are not unimportant, as evincing appellant's intention not

to risk the expense of such litigation on the evidence furnished by the parties it was about to employ. But taking the contract as a whole, it amounted to no more nor less than that appellant employed The J. C. Graves Auditing Company to secure evidence of money due to the township from its ex-trustee, said firm, at its own expense, to carry on any necessary litigation for a share of the amount recovered. Nothing appears in the complaint to show that the auditing company, at the time the contract was executed, had any interest, either direct or remote, present or contingent, or even as a taxpayer, in the subject-matter of the proposed litigation. Such a contract on its face has all the elements of champerty, which is said to be "a species of maintenance, 'being a bargain with the plaintiff or defendant to divide land or other matter sued for between them if they prevail at law, whereupon the champertor is to carry the party suit at his own expense.' " 2 Words and Phrases 1047. It is "the unlawful maintenance of a suit in consideration of some bargain to have a part of the thing in dispute, or some profit out of it." Anderson's Law Dict.

The vice in such contracts, and that which the law, under modern construction, condemns, is in permitting an entire stranger to stir up strife and litigation by bringing an action or making a defense, which the party in interest would not do if left to his own judgment, and uninduced by the fact that the litigation will be carried on, or the defense made, at the expense of another, for what he may acquire from the party maintained. Under the doctrine of the common law, as enforced in this State, with reference to champertous contracts, the agreement between appellant and said company was void. *Quigley* v. *Thompson* (1876), 53 Ind. 317; *Hart* v. *State, ex rel.* (1889), 120 Ind. 83; *Mud Valley, etc., Gas Co.* v. *Hitchcock, supra; Lancy* v. *Havender* (1888), 146 Mass. 615, 16 N. E. 464; *Belding* v. *Smythe* (1885), 138 Mass. 530; *City of Carbondale* v. *Brush* (1907), 133 Ill. App. 236; *Kelly* v. *Kelly* (1893), 86 Wis. 170, 56 N. W. 637;

*Roller* v. *Murray* (1907), 107 Va. 527, 59 S. E. 421; *Moreland* v. *Devenney* (1905), 72 Kan. 471, 83 Pac. 1097.

The contract and bond were executed on the same day, the latter to indemnify against loss in case of a default of a certain void stipulation in the former. In this case 3. they must be treated as inseparably connected, for the reason that liability on the bond and appellant's right to sue are dependent upon the contract; for without a contract there could be no default, and without a default there could be no breach of the bond, which is the gist of this action. Therefore, the ruling of the court was correct.

In considering this case we have not been unmindful of the restriction of the common law that permits attorneys to contract with their clients for professional fees, contingent on the result of the litigation (*Whinery* v. *Brown* [1905], 36 Ind. App. 276); but we have been unable to find any case upholding an agreement between an attorney and client, whereby the former is to bear all the costs and expenses of the litigation for a share of the recovery.

Judgment affirmed.