Bill McCoy did not testify, neither did "Mr Jackson."

The credibility of the witnesses and the weight to be given to their testimony is by our statute left exclusively to the jury when a jury is impaneled, and, when not, of course, to the trial judge. It is clear in this case that the trial judge believed the testimony of the state's witnesses, and did not believe that of the appellant and his witnesses. He unquestionably had the right to disbelieve them. They were all before him. He saw their manner of testifying, and could judge of their credibility. This court cannot.

[2] Appellant has only one bill of exceptions, which after the style and number of cause and the usual begining of "be it remembered," is as follows:

"The state's witness R. H. Young, express agent at San Augustine, Tex., being upon the stand, the said witness was permitted over objections of defendant to testify to the following facts, to wit: By referring to his express record he testified to shipments of whisky consigned to and taken out of the express office. Nugent McCoy and Joe McCoy, and the defendant at the time it was offered objected to said testimony for the reasons following, to wit: Because there was no evidence tending to show that the defendant was in any way interested or connected in any way whatever with whisky shipments consigned to either Nugent McCoy or Joe McCoy, and the court overruled defendant's objection to said testimony, and permitted to go before the court as evidence, to which action and ruling of the court defendant then and there excepted, and tender this bill of exception, and asks that the same be allowed, signed, and filed as a part of the record in this case. Approved and ordered filed as a part of the record in this case"

—which was duly signed by the county judge. This bill is too uncertain and vague to show any such error, if at all, which would justify a reversal. It wholly fails in the requisites prescribed for bills of exceptions. See 1 Branch's Ann. P. C. 131 et seq, where Mr. Branch collates some of the cases.

The judgment is affirmed.

---

ZURN et al. v. MITCHELL et al.　(No. 8591.)*

(Court of Civil Appeals of Texas. Ft. Worth. April 14, 1917. On Motion for Rehearing, May 22, 1917.)

1. CORPORATIONS ☞382—ULTRA VIRES CONTRACTS—STATUTE.

Under Rev. St. 1911, art. 1164, as amended by Acts 34th Leg. c. 102, providing no corporation doing business in this state, shall employ or use its stock, means, assets, or other property, directly or indirectly, for any purpose whatever other than to accomplish the legitimate business of its creation, etc., where the purpose of a corporation was to manufacture and deal in building material and to purchase and sell such material as is necessary in the transaction of its business, a contract made by it to construct improvements on a lot was not merely ultra vires, but was effected with a positive illegality which rendered it void for all purposes and as to all persons.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1514, 1515, 1517, 1518, 1536.]

2. CORPORATIONS ☞487(1) — ULTRA VIRES CONTRACT—STATUTE—NOTICE.

Rev. St. 1911, art. 1164, as amended by Acts 34th Leg. c. 102, being the law of the land, was in contemplation of law, known to one who entered into a forbidden contract with a corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1893, 1898.]

3. PRINCIPAL AND SURETY ☞7 — LIABILITY OF SURETY IN VOID CONTRACT.

Although sureties on bonds to a corporate obligee are liable even though the transaction may be ultra vires as to the corporation, the sureties on an indemnity bond given for the performance by a corporation of a contract which was positively forbidden by statute law, and hence absolutely void, were not bound.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 8–12, 14, 16, 18.]

On Motion for Rehearing.

4. CORPORATIONS ☞388(5) — ULTRA VIRES CONTRACTS—ESTOPPEL.

Where a contract with a corporation, void because ultra vires and absolutely forbidden by statute, was wholly executory, no ground of recovery against sureties on the theory of estoppel existed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1565–1567.]

---

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Suit by J. E. Mitchell and others against Jake Zurn and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Miller & Miller and John W. Wray, all of Ft. Worth, for appellants. Bryan, Stone & Wade, of Ft. Worth, for appellees.

CONNER, C. J. Appellants, Jake F. Zurn, Mrs. Mary M. Harold, and Mrs. Josie H. Barnes, as executrices of the estate of E. B. Harold, deceased, suffered a judgment in the sum of $1,926.83, principal and interest, upon an indemnity bond given to secure the performance of a contract on the part of the Hydraulic Building Stone Company, a corporation, to construct for appellee certain improvements upon one of his lots in Ft. Worth, Tex. As alleged and found by the court, the Hydraulic Building Stone Company was duly incorporated under the laws of the state of Texas, with purpose, as stated in its charter, as follows:

"The purpose of this corporation shall be to manufacture and deal in building material and to purchase and sell such material as is necessary in the transaction of its business."

The contract for breach of which appellee sued provided, among other things, that the Hydraulic Building Stone Company should, according to certain drawings and specifications, "well and sufficiently perform  *  *  * all the work included in the excavating grading, cement floors, brickwork, concrete blocks and footing (foundation walls to be of 12-inch concrete blocks instead of solid concrete) of the two-story and basement residence on Pennsylvania and Eighth avenues in the city of Ft. Worth." The work so contracted for was never materially commenced or completed by the corporation, and the court finds that the contract on the part of the corporation was beyond the purposes for which the corporation had been created, and was therefore as against the corporation ultra vires and void. The corporation subsequently was discharged from all liability for its said breach of the contract by the judgment rendered, and of all this appellee makes no complaint.

[1] Appellant's contention on this appeal from the judgment against said sureties on the indemnity bond is that, inasmuch as the court found the contract to be ultra vires and void, it was error in the court to render judgment against the sureties on the indemnity bond. Appellees, however, while admitting that the contract of the corporation was ultra vires and void as to the corporation, insists that nothing beyond this can be said; that an agreement on the part of sureties guaranteeing the performance of a contract merely ultra vires is binding upon the sureties, even though not binding upon the principal; and appellee cites in support of his conten-

196 S.W.—35

tion and of the court's judgment the following authorities: Revised Statutes, art. 1164; Railway Co. v. Gentry, 69 Tex. 625, 8 S. W. 98; Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053; Lee v. Yandell, 69 Tex. 34, 6 S. W. 665; Logan v. Loan Ass'n, 8 Tex. Civ. App. 490, 28 S. W. 141; Walters v. Loan Ass'n, 8 Tex. Civ. App. 500, 29 S. W. 51; Texas Loan Agency v. Hunter. 13 Tex. Civ. App. 402, 35 S. W. 399; Kincheloe Irrigation Co. v. Hahn, 105 Tex. 231, 146 S. W. 1187; Taylor Feed Pen Co. v. Bank, 181 S. W. 534; Lancaster Township v. Graves, 48 Ind. App. 499, 96 N. E. 172; Davis v. Stokes County, 72 N. C. 441; Mason v. Nichols, 22 Wis. 376; Harris v. Gas Co., 76 Kan. 750, 92 Pac. 1123, 13 L. R. A. (N. S.) 1171; Gist v. Drakely, 2 Gill (Md.) 330, 41 Am. Dec. 426; 20 Cyc. 1422; 7 Cyc. 663.

The direction to be given to the appeal must turn, we think, upon a determination of whether the contract of the Hydraulic Building Stone Company was merely ultra vires—that is, one voidable merely because it was beyond the purposes defined in the charter—or whether such contract was void altogether for all purposes and as to all persons. It has been held in many cases that sureties on bonds to a corporate obligee are liable even though the transaction may be ultra vires as to the corporation. So, too, sureties upon the bond of a minor or of a feme covert, or of one non compos mentis, are bound, and to such effect, generally speaking, are the cases cited by appellee. But it is equally well settled, we think, that the agreement of a surety is not binding where the contract between the primary parties out of which it springs is contaminated by positive illegalities.

[2] Amended article 1164 of our Revised Statutes provides, so far as necessary to state, that:

"No corporation, domestic or foreign, doing business in this state shall employ or use its stock, means, assets, or other property, directly or indirectly, for any purpose whatever other than to accomplish the legitimate business of its creation," etc.

See General Laws, 34 Legislature, p. 156

The record, as we think, leaves no room to doubt that the contract between appellee and the Hydraulic Building Stone Company was in violation of this statute. The court not only finds that the contract was ultra vires, but the evidence shows that the performance of the contract would involve the necessary expenditure of considerable sums of money for labor, material, etc., other than that necessary in the manufacture, or the purchase, or sale of material in the transaction of the business of the corporation. In supplying such additional sums the corporation of necessity would be required to "use its stock, means, assets, or other property," directly or indirectly in violation of the article of the statute referred to. The contract therefore,

as we conclude, was affected with a positive illegality ,which rendered it void for all purposes and as to all persons. See Revised Statutes 1911, art. 1164; Edwards County v. Jennings, 89 Tex. 621, 35 S. W. 1053; Republic Trust Co. v. Taylor, 184 S. W. 773; Brenham v. Water Co., 67 Tex. 561, 4 S. W. 143; Levy v. Wise, 15 La. Ann. 38; Lancaster Township v. Graves, 48 Ind. App. 499, 96 N. E. 172; Schaun v. Brandt, 116 Md. 560, 82 Atl. 551; First National Bank v. Clark's Estate, 59 Colo. 455, 149 Pac. 612; Denison v. Gibson, 24 Mich. 187; Tandy v. Elmore-Cooper Live Stock Com. Co., 113 Mo. App. 409, 87 S. W. 616.

The simple citation of the above authorities would perhaps be all that is necessary to do, as the principles involved are therein fully discussed, and what we could say would, in a measure, be largely mere repetition; but for the sake of clearness it may not be amiss to here add that ·in the case of Edwards ·County v. Jennings, supra, it was held by our Supreme Court that the sureties for the performance of a contract between the county and Jennings, which was in violation of our Constitution and laws against monopolies, were not bound. The court makes clear the distinction . between contracts which are merely ultra vires—that is, contracts that merely extend beyond the charter purposes or powers—and those which are not only beyond such purposes or powers but also positively forbidden, as here, by some statutory or constitutional law. The statute quoted had in view the protection of the stockholders of corporations. It was part of the law of the land and, in contemplation of law, was known to appellee at the time he entered into the contract with the Hydraulic Building Stone Company, and it must be held that, in a legal sense, he then knew that the contract was forbidden. In the case of the Republic Trust Co. v. Taylor, cited above, the Dallas Court of Appeals held that a promissory note was void, even in the hands of an innocent purchaser, which had been given for stock in a corporation in violation of the Constitution, art. 12, § 6, declaring that no corporation shall issue stock except for money paid, labor done, or property actually received. Other illustrations doubtless could be given, but we think the authorities cited and what we have said sufficiently support the conclusion already stated.

[3] It follows that the appellant sureties, in our opinion, were not bound upon the indemnity bond given by them, and that other questions presented upon this appeal need not therefore be discussed. The trial court's findings of fact not inconsistent with what we have hereinbefore stated are, accordingly, adopted; but thereon the judgment will be reversed and here rendered for appellants.

Reversed and rendered.

## On Motion for Rehearing.

[4] It is earnestly insisted that we were in error in holding that the contract for ,which appellants became sureties was void and not merely ultra vires, and many authorities are cited in support of this contention. But, while all of the cases on the subject may not seem to be harmonious, ·yet for the most part they are cases easily distinguishable from this. They present cases, either where the contract attacked has been fully executed, or where the party pleading the illegality thereof has been held to be estopped from pleading its vice. The case most strongly pressed upon us on the oral submission was that of Bond v. Terrell Mfg. Co., 82 Tex. 309, 18 S. W. 691. In that case it appears that the manufacturing company loaned to Bond certain moneys when not authorized to so do by the terms of its charter and when it was by implication forbidden to so do by a statute cited in the case. The court, however, did not hold the contract as such valid. It merely held, in effect, that because Bond had entered into and induced the making of the contract, and by virtue thereof had received moneys of the corporation and yet retained the same, he was, upon principles of equity, estopped from urging the contract's illegality. But we will not undertake to reconcile conflicts, or to point out ·distinguishable features in the numerous decisions on the subject for much has been written. We deem it sufficient to say that in this case the contract between appellee and the Hydraulic Building Stone Company was never executed. It ,was wholly executory. Nor in this case is there an element of estoppel. Appellant paid nothing upon the contract, nor did the building company or appellants receive anything whatever by virtue thereof. No ground of recovery therefore in behalf of appellee existed. See, in addition to the cases cited by us originally, T. & P. Ry. Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919; Mitchell, Receiver of Commonwealth Bonding & Casualty Ins. Co., v. Porter (No. 8534) 194 S. W. 981, by this court, not yet officially reported. We therefore continue to think that the contract under consideration was wholly void as to all parties to it, and this was all that was intended by our expression on the subject in our original opinion.

The motion for rehearing will, accordingly, be overruled.