### WRIGHT v. HULME et al.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912. Rehearing Denied May 11, 1912.)

1. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—PRESENTATION.

On appeal from a judgment in favor of one of several defendants in an action on a note, assignments of error complaining of action in not sustaining plaintiff's special exceptions to defendant's plea of suretyship and to the admission of evidence in support of such plea and to submission of such plea were properly grouped as presenting substantially the same question of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

2. PRINCIPAL AND SURETY (§ 9*)—PLEADING SURETYSHIP.

In an action on a note against B. and others brought by a transferee, it was error to refuse to sustain an exception to a plea of suretyship contained in a special answer which stated that at the time he executed the note B. was a surety for his codefendant H.; that it was agreed when the note was executed that H.'s husband would sign as principal; that at the maturity of the note B. informed the payee in writing that he was not the principal, but a surety, and instructed the payee, who was the owner and holder of the note at that time, to sue thereon; and that H. had property out of which the payee could make any valid debt against her, it not appearing that the payee was a party to the agreement that H.'s husband would sign the note as principal.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 19–21; Dec. Dig. § 9.*]

Appeal from Potter County Court; J. M. Jones, Judge.

Action by C. A. Wright against Bertha Hulme and others. From the judgment, plaintiff appeals. Reversed and remanded.

C. A. Wright, of Amarillo, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellees.

PRESLER, J. This suit was filed in the county court of Potter county on March 3, 1911, by appellant, against Bertha Hulme, W. E. Hulme, W. D. Benson, and J. M. Clayton, seeking to recover on a promissory note executed by Bertha Hulme and W. D. Benson of date March 19, 1910, payable to the order of J. M. Clayton, and transferred for value by him to appellant on March 1, 1911. The cause was tried upon appellant's second amended original petition, wherein he dismissed as to the defendants Bertha Hulme and W. E. Hulme, and sought to recover of and from W. D. Benson as principal and J. M. Clayton as indorser the amount stipulated in said note, together with interest and attorney's fees. The appellee Benson answered, pleading the general issues, and by special answer pleaded failure of consideration, and, further, that at the time he executed said note he was not a principal thereon, but a surety for his codefendant, Bertha Hulme; that it was agreed and understood at the time said note was executed that the husband of said Bertha Hulme would sign said note as a principal; that at the maturity of said note appellee informed the payee in writing that he was not the principal on said note, but a surety, and instructed said payee, who was the owner and holder of said note at said time, to file suit thereon, and that his codefendant herein had property out of which he could make said money if he had a valid debt against her. A trial by the court with the assistance of a jury resulted in a judgment in favor of appellant against the indorser, J. M. Clayton, for the amount due upon said note and in favor of the appellee Benson against the appellant. From this judgment appellant duly appeals to this court.

It does not appear from the pleading of appellee Benson that the payee in said note, J. M. Clayton, was a party to the agreement that the husband of Bertha Hulme would sign said note as principal, and there was no controversy shown by the record to the fact that the defendant Bertha Hulme was at the time she and appellee Benson executed said note a married woman; neither does it appear that the debt for which said note was executed by said Bertha Hulme and W. D. Benson was for necessaries for the said Bertha Hulme or for the benefit of her separate property, such as she is authorized under the statute to contract a valid and binding debt.

[1] Appellant, under his third, sixth, and ninth assignments, complains of the action of the court in not sustaining his special exception to appellee's answer of suretyship and to the action of the court in admitting

evidence in support of said plea, and to the further action of the court in submitting said defense to the jury, contending that, as shown by the pleadings and the evidence, the said Bertha Hulme was a married woman at the time the note was signed and ever afterwards, and that this fact was known to appellee, and that appellee was the only other person executing said note and the only maker of said note legally capable of binding himself, and was therefore in legal effect a principal on said note. Appellee, among other grounds of objection, objects to the consideration of these assignments as being improperly grouped. We are of the opinion, however, that substantially the same question of law is presented as to the matters complained of under each of them, and while the assignments, propositions, and statements thereunder are not presented in strict compliance with the rules, and in some respects are somewhat irregular, we are of the opinion that they substantially present for the determination of this court the question involved.

[2] We are of the opinion that, under the record and the evidence in this case, appellee Benson was not entitled to protection as a surety on the note in question, and is to be considered in legal effect as a principal on the same, and that the court erred in not sustaining appellant's exception to the defense of suretyship as pleaded, and in admitting the evidence complained of and in submitting said defense of suretyship to the jury, instructing the jury, in effect, that if they found the said Benson was a surety, and that he had given notice in writing to the payee, to file suit forthwith upon said note, and that if they further believed that said payee received said notice, and that he failed to file suit upon said note to the first term of the county court thereafter, and failed to give any excuse for not filing said suit before the second term of the court thereafter, to return a verdict in favor of said appellee. Articles 3811–3813, R. S. 1895; Lee v. Yandell, 69 Tex. 34, 6 S. W. 667; 2 Daniel on Negotiable Instruments, § 1306a; Davis v. Slatts, 43 Ind. 103, 13 Am. Rep. 382; Allen v. Berryhill, 27 Iowa, 534, 1 Am. Rep. 309; Hicks v. Randolph, 3 Baxt. (Tenn.) 352, 27 Am. Rep. 760; 21 Cyc. pp. 1310, 1512; Mullaly v. Ivory, 30 S. W. 259; Speer on Law of Married Women, §§ 46, 47, 142, 318.

In view of the necessity of reversing and remanding this case, and it not being probable that other errors complained of by appellant will occur upon a new trial of this cause, we deem it unnecessary to consider appellant's remaining assignments. Over the objection of appellee that they were not properly presented in appellant's brief, as required by the rules governing the preparation of briefs for submission of causes in this court, as above indicated, we conclude that this case, because of the errors pointed out, should be here reversed and remanded for a new trial, and it is accordingly so ordered.